DANIEL F. GRIFFIN *vs.* CITY OF BOSTON.

Suffolk.   March 14, 1905. — June 22, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Evidence.   Witness.*

When a witness in an action of tort for personal injuries has been cross-examined
at length in an attempt to show that the account of the accident given by him
in his direct examination is a recent fabrication created under the influence of
the attorney for the party calling him, that party may call as a witness a per-
son employed to investigate the case when notice of the accident was received
and show by him that the witness cross-examined had given the same account
of the accident soon after it occurred.

LATHROP, J.   When this case was last before us, it was upon
a ruling of the judge of the Superior Court that, on the plaintiff's
evidence, he was not entitled to recover.   We were of opinion
that there was evidence for the jury.   *Griffin* v. *Boston*, 182
Mass. 409.   At the new trial the jury returned a verdict for
the defendant, and the case comes before us on the plaintiff's
exceptions.

The plaintiff's case rests upon his being a traveller on the
highway on November 4, 1897, and being struck on the head by
the handle of a truck on which a gravel heater rested, the handle
being insecurely fastened in a vertical position by a piece of
rotten wire; and there was evidence that the truck had remained
in that position for a week before the accident.   The plaintiff
was a boy about eight years old at the time of the accident.

The defendant's evidence tended to show that the plaintiff
was not a traveller on the highway; that he was playing in the
street at or near the heater just before he was hurt; that when
he met with the injury he was in the act of climbing up the
handle of the heater, and the wire broke and the handle and
the boy fell to the stone pavement, causing the injuries com-
plained of.

The defendant called as a witness one Herbert O'Reilly, who
testified that at the time of the trial, October 5, 1903, he was
thirteen years old; that he knew the plaintiff when he was hurt;
that the witness was playing round the heater.   When asked,

"What did you see happen while you were playing?" he answered: "Dannie [the plaintiff] was going — shinning up the pole and the wire broke and he fell down." The witness was then cross-examined at length.

Later on in the trial the defendant called one Devitt, a lieutenant of police. He testified that he had been detailed to serve the committee on claims of the defendant city, and that it was his duty, with his associates, to investigate claims against the city, after notice was received; that he investigated this case and had in his possession his original notes; that he saw the boy O'Reilly, who told him that the plaintiff was "swinging on the handle, and the wire broke and it fell and he fell." This evidence was admitted subject to the plaintiff's exception.

On this matter the judge instructed the jury as follows: "It was suggested to you in the course of the argument that while the statement which one of the boys had given to the officer was read in your presence the other statements were not read; and perhaps, in view of that statement, I ought to say what the rights of counsel are with regard to the introduction of statements in those cases, when they are admissible and when they are not. A witness, in the first instance, is called upon to state what occurred at a particular time. If that is all there is to the case, his counsel, who calls him, is not permitted to bring in other testimony — that he said the same thing shortly after the accident, for the purpose of corroborating the statement of the witness on the stand. That is not permissible in the way of corroboration; and, therefore, ordinarily when a witness has testified what occurred a number of years ago, if he has made a statement and it appears he made a statement, and made one shortly after the accident, that cannot be admitted in evidence. But there is. one exception to that rule, and that is when it appears from the cross-examination, or otherwise, that it may be the purpose of the cross-examining counsel to show that the testimony was a recent invention or impressed upon a witness by some undue influence; in such a case it is permissible for the purpose of restoring the credit of the witness to show that the testimony he makes upon the stand is like the statement which he made shortly after the accident. Upon that ground I admitted the statement made by the O'Reilly boy to Devitt soon

after the accident, although I excluded the other statements made to Devitt by the other witnesses."

No exception was taken to the charge, and the only exception is to the admission of the testimony of Devitt. The plaintiff's counsel contended at the argument before us that the purpose of the cross-examination was simply to test the recollection of the witness ; but we are of opinion that while some of the questions and answers were for this purpose, the purpose also existed to impeach the witness O'Reilly, and to show that his testimony was a recent fabrication created under the influence of the attorney for the defendant in his office, shortly before the trial.

The general rule is as stated by the judge presiding at the trial. *Howe* v. *Thayer*, 17 Pick. 91, 96. *Deshon* v. *Merchants' Ins. Co.* 11 Met. 199, 209. *Ashley* v. *Wolcott*, 11 Cush. 192, 196. *Commonwealth* v. *Jenkins*, 10 Gray, 485. *Burns* v. *Stuart*, 168 Mass. 19. *McDonald* v. *New York Central & Hudson River Railroad*, 186 Mass. 474, 477, 478, and cases cited.

To the general rule there are exceptions, one of which applies to the case at bar, and which is thus stated by Mr. Justice Bigelow in *Commonwealth* v. *Jenkins*, 10 Gray, 485, 489 : " The decision of the point raised in this case is not to be understood as conflicting with a class of cases, in which a witness is sought to be impeached, by cross-examination or by independent evidence, tending to show that at the time of giving his evidence he is under a strong bias or in such a situation as to put him under a sort of moral duress to testify in a particular way. In such case, it is competent to rebut this ground of impeachment and to support the credit of the witnesses by showing that, when he was under no such bias, or when he was free from any influence or pressure, he made statements similar to those which he has given at the trial." See *Commonwealth* v. *Wilson*, 1 Gray, 337, 340 ; *Hewitt* v. *Corey*, 150 Mass. 445 ; Wigmore, Ev. § 1129, and cases cited in note 1.

*Exceptions overruled.*

*J. P. Fagan*, (*T. G. Connolly* with him,) for the plaintiff.
*A. L. Spring*, for the defendant, submitted a brief.