GILMAN W. BROWN *vs.* ANNA W. BROWN.

SAME *vs.* SAME.

SAME *vs.* SAME.

Essex. January 16, 1911. — March 3, 1911.

Present : KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Practice, Civil*, Conduct of trial, Exceptions. *Witness*, Re-direct examination. *Marriage and Divorce*.

It is wholly within the discretion of a presiding judge to determine whether cumulative evidence shall be received upon a point which has been admitted by the adverse party.

Although a witness upon his re-direct examination may be allowed to correct or modify testimony given on his cross-examination, yet the libellant in a divorce trial, where there is an issue as to condonation, properly may be refused permission to explain on his re-direct examination what he meant by the words " contemplated reconciliation " as used in his cross-examination to describe his state of mind and purpose in several meetings between him and the libellee, after a separation growing out of her misconduct and after repeated expressions of penitence and appeals for forgiveness from her, the words as used in this connection being so plain that there can be no ambiguity or uncertainty as to their significance.

Where the presiding judge at a trial excludes certain evidence, stating that it is excluded as being cumulative evidence in regard to a matter admitted by the adverse party and on which the judge has found in favor of the party offering the

evidence, if the party offering the evidence excepts to the exclusion generally, without suggesting any other ground on which the evidence should be admitted, his exception will be taken to be to the exclusion of the evidence upon the ground stated by the judge, and he will not be allowed to argue that the exclusion was wrong because the testimony offered was admissible for a different purpose. In the present case it appeared that the different ground on which the evidence was said to be admissible was not applicable.

THREE LIBELS FOR DIVORCE, between the same parties, the first filed on July 26, 1904, and the third on June 1, 1908, the papers in the second case having been lost.

In the Superior Court *Lawton,* J., in each of the three cases found for the libellee and ordered a decree dismissing the libel. The libellant alleged exceptions, raising the questions described in the opinion.

The cases were submitted on briefs.

*V. C. Lawrence & R. L. Mitchell,* for the libellant.

*H. Parker & R. Walcott,* for the libellee.

RUGG, J. These are three libels for divorce before us upon the libellant's exceptions to evidence.

1. One of the grounds alleged for divorce was adultery with one Whipple. The libellee admitted this, but alleged condonation by the libellant. In this state of the case, the libellant offered two letters written by the libellee at about the time of this admitted misconduct, tending to show an adulterous disposition on her part toward the co-respondent, which were excluded. The libellant's exception to this ruling must be overruled. It was said by Chief Justice Gray in *Dorr* v. *Tremont National Bank,* 128 Mass. 349, at 360, "Whether further evidence shall be received upon a point expressly admitted by the adverse party is wholly within the discretion of the judge presiding at the trial."

2. The libellant sought to explain in re-direct examination what he meant by the words "contemplated reconciliation" used in cross-examination as describing his state of mind and purpose in several meetings between him and the libellee, after a separation growing out of her misconduct, and her repeated expressions of penitence and appeals for forgiveness. These words were so plain in this connection that there could be no ambiguity or uncertainty in their significance. The witness did not express a desire to correct, withdraw or modify testimony

given, nor to complete a thought or conversation only partially stated in his evidence. Synonyms or paraphrases for perfectly comprehensible words in common use were properly excluded.

3. One of the grounds alleged for divorce was cruel and abusive treatment, which, it was contended, consisted in an attempt by the libellee to poison the libellant. The libellant testified fully as to his feelings and symptoms tending to show a poisoning, which came during a severely painful illness occurring soon after some attention from the libellee while he was recovering from a surgical operation. His attending physicians testified to their opinion of its cause. Thereafter the libellant called a nurse, a part of whose testimony was: Q. "You did not attend Mr. Brown in his illness? A. I didn't attend him. — Q. Miss Brown was the nurse who was attending him at that time? A. Yes." She was then asked, "Did he describe to you at that time the symptoms which he felt?" and "What evidence of pain or otherwise did you detect in him at that time?" These questions were excluded on objection, the presiding judge saying, "There is no question made by the other side but that he had some sort of an upset after eating the orange, and that it injured the wound, and was a very serious thing, no question about that." It is not clear whether the witness was not asked to repeat a narration made to her by the libellant of sensations after they had passed from him. If so they were incompetent. But passing this point, the language of the judge was a plain ruling that the evidence was rejected as being cumulative touching a fact which the opposing side admitted; and the judge had found in favor of the party proffering the evidence. This was proper practice and not open to exception. If the party offering the evidence had in mind any other ground upon which it was competent than that given by the judge, it became his duty then to offer to state it. He cannot now press its admission on a ground not suggested at that time. The fair implication from these circumstances is that the exception was taken to the ground of exclusion stated in the ruling. It is urged that the testimony was competent for the reason that the libellee had endeavored to show that the symptoms were a recent fabrication, and that therefore declarations similar to his testimony made at about the time the event occurred were admissible to support his credit as

a witness within the exception laid down in *Commonwealth* v. *Jenkins*, 10 Gray, 485, 489, and *Griffin* v. *Boston*, 188 Mass. 475, to the general rule excluding statements made by a witness at other times corroborative of his testimony. This is an extremely narrow rule, as is shown also in *Commonwealth* v. *Tucker*, 189 Mass. 457, 479–485. The present record shows no foundation for its application, because the assertion of the judge of the Superior Court, which was unchallenged, was that the other side did not dispute these facts. The only circumstance, which appears to have been asserted to have been a subsequent invention, was that the libellee was responsible for them, and this according to the record was uncontroverted by the libellant.

The other exceptions have not been argued and are treated as waived.

*Exceptions overruled.*