JOSEPH M. WALSH *vs.* WYMAN LUNCH COMPANY & another.

Suffolk.    January 9, 1923. — March 6, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Evidence,* Competency.    *Practice, Civil,* Interrogatories, Continuance.

At the trial of an action for personal injuries the plaintiff testified in direct and cross-examination that his chief complaint since the accident related to injuries to his back "which began troubling him right after the accident;" that he lost three months' wages and saw the doctor thirty-five times. On cross-examination he was questioned as to certain answers to interrogatories made and sworn to by him in which he stated the injuries sustained were "Cut on face, permanently disfigured," "Permanent disfigurements, and nervous sensations about the wound," no mention of injury to back being made, his loss of time being represented as "Three weeks wages," his incapacity "About three weeks following the accident" and the number of consultations, examinations or treatments by the doctor being stated as six. On redirect examination, subject to exceptions by the defendant, the plaintiff was allowed to refresh his recollection from a memorandum containing answers in his own handwriting to the interrogatories which he had sent to his attorney and from which the typewritten answers were prepared by the attorney, and to testify in explanation of the inconsistencies between the answers and his testimony and to introduce the answers thus prepared by him and sent to his attorney.    *Held,* that, in the circumstances the evidence excepted to was admissible to show that the plaintiff's testimony given at the trial respecting injuries to his back was not a recent fabrication for the purpose of enhancing damages.

While the defendant in the circumstances above described had a right to assume that the sworn answers filed by the plaintiff in answer to the interrogatories were true and covered all the injuries he received, if his counsel learned for the first time at the trial that the plaintiff claimed he received injuries resulting from the accident which were not described in his answers and if the defendant required time to meet that claim, presumably his rights would have been fully protected by a postponement of the trial on motion to the presiding judge; and *it seems* that the allowance of such a motion, if made, would have been the exercise of a sound judicial discretion.

TORT against Wyman Lunch Company and Floyd Lunch Company for personal injuries alleged to have been received while riding in a freight elevator upon premises occupied by the defendants at 639 Atlantic Avenue in Boston and caused by the negligence of the defendants, their agents and servants in the operation of the elevator. Writ dated December 12, 1919.

In the Superior Court, the action was tried before *Qua*, J., together with two other actions by the plaintiff against other defendants. Material evidence and exceptions by the defendant and Floyd Lunch Company are described in the opinion. The jury returned a verdict for the defendant Wyman Lunch Company and a verdict for the plaintiff in the sum of $2,500 against the defendant Floyd Lunch Company, and it alleged exceptions.

*R. G. Wilson, Jr.*, for the defendant Floyd Lunch Company.

*J. J. Donahue*, for the plaintiff.

CROSBY, J. This is an action of tort for personal injuries received by the plaintiff on premises occupied by the defendant Floyd Lunch Company on November 7, 1919; a verdict was rendered against that company in favor of the plaintiff. The case was tried together with two cases against other defendants to recover for the same injuries.

After the plaintiff had testified respecting the nature of the accident and his injuries, he was cross-examined by counsel for the defendants in the other cases as to certain answers to written interrogatories propounded to him in one of the other cases. He testified on his direct and cross-examination that his chief complaint since the accident related to injuries to his back, "which began troubling him right after the accident." In the answers to the interrogatories above referred to he stated in part as follows: that his injuries received as the result of the accident were "Cut on face, permanently disfigured;" that his injuries were "Permanent disfigurements and nervous sensations about the wound;" that his loss in wages, salary or profits in business as the result of the accident was "Three weeks' wages;" that he was incapacitated "About three weeks following the accident;" that the number of consultations, examinations or treatments by a physician was six. He made no mention in his answers of any injury to his back. At the trial, in addition to his testimony that he received injuries to his back and a cut on his face, he testified

that he saw the doctor thirty-five times, that he lost three months' wages, and that he was incapacitated for work during that period. To explain the inconsistencies between his testimony and the answers made by him to the interrogatories, he testified on direct examination that the interrogatories were sent to him by his attorney; that he returned the answers in his own handwriting (the paper on which they were written being identified by him); that at a later date he went to the office of the attorney and signed and made oath to typewritten answers to the interrogatories, but did not read them, nor compare them with the answers which he had previously written. Subject to the defendant's exception he was allowed to refresh his recollection by looking at the answers which he had prepared, and to testify that he did not intend to make the answer to the fourth interrogatory "Cut on face, permanently disfigured." The defendant also excepted to the admission in evidence of the answers prepared by the plaintiff and sent to his attorney. The only questions before us relate to the two exceptions to the admission of the evidence above referred to.

It is well settled that a party may show, for the purpose of discrediting a witness called by his opponent, that the witness has made inconsistent statements upon the same subject, one of which is necessarily untrue. It is the general rule that a witness cannot be corroborated by showing that he has previously made statements similar to those given by him at the trial. *Deshon* v. *Merchants' Ins. Co.* 11 Met. 199. But there is an exception where it is claimed that the testimony is a recent invention or fabrication, or was given under bias or undue influence, or that the facts described in the previous testimony have been concealed under conditions which warrant the belief that, if true, the witness would have stated them. *Commonwealth* v. *Jenkins,* 10 Gray, 485. *Griffin* v. *Boston,* 188 Mass. 475. *Commonwealth* v. *Tucker,* 189 Mass. 457, 483, 484. *Commonwealth* v. *Retkovitz,* 222 Mass. 245.

In the case at bar we are of opinion that the evidence offered comes within the exception to the rule. It could be inferred from the cross-examination that the defendant endeavored to impeach the plaintiff by showing that his testimony was inconsistent with the answers previously made to the interrogatories;

and that his testimony respecting the injuries to his back, the number of times he had been attended by his physician, and the period during which he had been unable to work, was false, and was invented since he made the answers to the interrogatories. It is argued by the defendant's counsel in his brief that "The defendant contends that back injuries, strenuously complained of by the plaintiff in March, 1922, at the trial of the case, were thus alleged in a last minute effort on the part of the plaintiff to capitalize the accident in which he was undoubtedly involved, and to enhance the damages." In these circumstances we are of opinion that the evidence excepted to did not impeach the plaintiff, but was admissible to show that his testimony given at the trial respecting injuries to his back, and that he lost three months' wages, was not a recent fabrication for the purpose of enhancing the damages. While the evidence does not seem to have been admitted for the purpose for which we hold it was competent, the exception cannot be sustained; the judge was not requested to limit its application and in the absence of anything appearing in the exceptions to the contrary, it must be presumed that the proper limitation in the use of it was given. *Earle* v. *Earle*, 11 Allen, 1. *Howe* v. *Ray*, 113 Mass. 88, 91. *Sweetser* v. *Bates*, 117 Mass. 466. *Commonwealth* v. *Rivet*, 205 Mass. 464. Undoubtedly the defendant had a right to assume that the sworn answers filed by the plaintiff were true, and covered all the injuries he received, and if its counsel learned for the first time at the trial that the plaintiff claimed he received injuries resulting from the accident which were not described in his answers, and the defendant required time to meet that claim, presumably his rights would have been fully protected by a postponement of the trial on motion presented to the presiding judge. The allowance of such a motion, if made, would have been the exercise of a sound judicial discretion.

*Exceptions overruled.*