## JOSEPHINE KELLEY *vs.* CITY OF BOSTON.

Suffolk.    January 8, 1937. — January 25, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence*, Presumptions and burden of proof, Competency. *Witness*, Redirect examination. *Practice, Civil*, Exceptions: whether error harmful. *Damages*, For tort. *Husband and Wife*.

A jury was not required as a matter of law to find that testimony of a witness as to one of two unrelated facts was untrue merely because he had testified in cross-examination that he was equally positive as to both and they found his testimony as to the other of the facts untrue.

Upon its becoming apparent from the cross-examination of a plaintiff's witness that the defendant would contend that testimony of the witness that he saw a defect in a highway on a certain day was of recent invention, it was not error to permit the witness to testify in redirect examination that he had made the same statement to the plaintiff's attorney over a month before the action was brought.

Evidence to show the true reason why a witness did not take photographs of an alleged defect in a highway was admissible to meet an imputation arising from his cross-examination that the reason was that no such defect existed.

On an issue, whether a small hole in the pavement of a city street had been repaired, the defendant contending that no repair had been made because the city records showed no entry concerning it, the admission of evidence introduced by the plaintiff of a statement by the person in charge of the records that probably such a small repair would not be recorded, even if error, was harmless.

A wife maintaining an action of tort for personal injuries is entitled to include in her damages reimbursement for hospital and medical expenses resulting from such injuries, if incurred by her.

TORT.    Writ in the Superior Court dated July 8, 1931.

The action was tried before *Dowd, J.*    There was a verdict for the plaintiff in the sum of $3,500.    The defendant alleged exceptions.

*W. F. Henneberry*, Assistant Corporation Counsel, for the defendant.

*W. G. Reed*, (*J. H. Dooley* with him,) for the plaintiff.

LUMMUS, J.    The plaintiff obtained a verdict in an action under G. L. (Ter. Ed.) c. 84, § 15, for bodily injury

sustained on Monday, June 1, 1931, by catching her heel in a hole while crossing a public way in Boston-called Washington Street, near the corner of Summer Street, which hole was a little more than four inches in width and in depth.    The case comes here on exceptions taken by the defendant.

The only evidence that the hole existed a substantial time before the accident came from the plaintiff's son, who testified that on the Tuesday preceding the injury he saw the hole after he had left the men's store of Jordan Marsh Company by a door which he said was located at the very corner of Washington and Summer streets.    He then answered "Yes" to the following questions on cross-examination: "You are as positive that you came out of that door as you are that you saw the hole in the street into which your mother fell?" and "That is the way you want to leave your testimony, is it?"    The defendant introduced evidence that there is no such door at the corner of the two streets. The defendant, at the end of the evidence, requested the judge to instruct the jury that "if the jury finds as a fact that there is no corner entrance to the Jordan Marsh men's store, then they must find as a fact that witness Edwin Kelley [the son] did not see a hole in the highway on Washington Street, near Summer Street, on the Tuesday previous to the date of the plaintiff's injuries and, therefore, must return a verdict for the defendant."    This request was refused, and the defendant contends that it excepted.

Questions such as were asked the son are sometimes put on cross-examination.    But they are seldom tolerated. They require a witness to undertake the almost impossible task of comparing the strength of his belief in two unrelated propositions of fact.    The witness asserts his belief, to some degree at least, in both.    The jury may find one true, and the other untrue, regardless of the comparative intensity of his belief in them.    Their appraisal governs, and his is really immaterial and beside the point.    See *Weir's Case*, 252 Mass. 236, 238; *Ducharme* v. *Holyoke Street Railway*, 203 Mass. 384, 397; *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101, 109.    The proposition that the jury must find that the son saw no hole if they find him in error as to the location

of the door, is absurd. If the witness had declared himself as sure of the location of the door as he was of the existence of the store or the street, the argument of the defendant, if sound, would preclude the jury from finding that there was any such store or street.

It was apparent from the cross-examination of the plaintiff's son that the defendant contended that his testimony that he saw the hole on the Tuesday before the injury was a recent invention. Under these circumstances it was not error to allow the son to testify that on the evening of the day of the accident he told the attorney for his mother that he had seen the hole on the Tuesday before. The defendant argues that the son should not have been allowed to testify that on the Tuesday before he was buying underclothing on the credit of a certain clergyman; but no exception to this appears to have been taken. The charge slip for the underclothing, given by the Jordan Marsh Company and dated the Tuesday before the injury, was offered in evidence, and counsel for the defendant said, "I don't raise any question as to the identity of the slip but I object to the evidence." The slip was admitted merely for the purpose of fixing the date of the visit on which the son saw the hole, and the defendant excepted. Any hearsay character in the slip or in its date was not relied on by the defendant. Under the circumstances there was no error in the admission of the statements and the slip in question. *Walsh* v. *Wyman Lunch Co.* 244 Mass. 407, 409. *Nelson* v. *Hamlin,* 258 Mass. 331, 341. *Commonwealth* v. *Kosior,* 280 Mass. 418, 421.

An attorney who prepared the case for the plaintiff testified that on the evening of the day of the injury he went to the place with the plaintiff's son and saw the hole. On cross-examination he testified that he did not have photographs taken. He was asked whether the reason was not because there was no defect in the highway, and to this an answer of "Yes" or "No" was demanded, which the witness said he was unable to give. On redirect examination he was allowed to testify that he instructed a photographer to take photographs of the place, but the photographer declined

to take them until Sunday, because of danger from heavy traffic, and later the photographer reported that on Sunday there was no hole although patches appeared on the surface of the highway. The photographer testified to the facts reported by him to the attorney, whom he corroborated. This line of testimony was competent to meet the imputation made in the cross-examination.

The same attorney who prepared the case for the plaintiff testified that although he remembered no white line painted in the street at the place where he saw the hole, he was willing to accept as true the records of the traffic commission showing a white line there. When asked whether he would accept as true records of the city, containing no entry of any repairs made in the vicinity during June, 1931, the witness answered "Yes, so far as the records go," but repeated that he saw the hole. Counsel for the plaintiff then asked the witness about a conversation with a clerk in charge of the city records, in the presence of counsel for the defendant, and the witness testified that the clerk said that if a small hole had been filled in front of the Jordan Marsh store there would probably be no record of it. The defendant was pressing the absence of any entry of repairs in the records as indicating that none were made. There was, so far as appears, no evidence to show whether or not the records purported to show every trifling repair made in the streets. Assuming that the testimony of what the clerk said was not competent, it served merely to neutralize an illegitimate argument from the absence of an entry in the records. Its admission did the defendant no harm. *Cole* v. *Cheshire*, 1 Gray, 441, 446.

After the defendant had introduced the answers of the plaintiff to three interrogatories as to the time and place of the injury, the plaintiff was allowed, subject to the defendant's exception, to introduce her answers to two other interrogatories in which she described the defect and stated how she happened to be injured. Even if these were not admissible under the statute (G. L. [Ter. Ed.] c. 231, § 89; *Churchill* v. *Ricker*, 109 Mass. 209; *Demelman* v. *Burton*, 176 Mass. 363), they added nothing to evidence of the

plaintiff already in the case, and did the defendant no harm. *Stowe* v. *Mason*, 289 Mass. 577, 582.

The evidence warranted a verdict for the plaintiff, and the defendant's exception to the denial of its motion for a directed verdict must be overruled.

A physician* who examined the plaintiff on behalf of the defendant and was called by the defendant, testified on cross-examination, subject to the exception of the defendant, that in his opinion the broken hip of the plaintiff was caused by the injury which she received in a depression which she said was in the street. This medical opinion was competent. So far as the testimony referred to the depression or hole in the street, it added nothing to the testimony of the plaintiff, and did no harm to the defendant.

The plaintiff was a married woman whose husband had not lived with her nor contributed to her support for twenty-five years. She was allowed to testify to the amount of her hospital bill and her medical bill, paid by her because of her injury. The defendant argues that if anyone can recover for these expenses (*Nestor* v. *Fall River*, 183 Mass. 265; compare *Lewis* v. *Springfield*, 261 Mass. 183), her husband is the one entitled, because presumptively the charges were his to pay. That is ordinarily true where a married woman lives with her husband. *Kenyon* v. *Vogel*, 250 Mass. 341, 344. *Thibeault* v. *Poole*, 283 Mass. 480, 484. But even in such a case the wife may contract, pay and recover. *Cleary* v. *First National Stores, Inc.* 291 Mass. 172, 175. In the present case the jury could find that the plaintiff assumed and paid the whole expense. See *Tornroos* v. *R. H. White Co.* 220 Mass. 336; *Cassidy* v. *Constantine*, 269

---

* This paragraph of the opinion related to the following portion of the bill of exceptions: Edward F. Murphy, M.D., in cross-examination by the plaintiff's counsel, after the counsel had started to read from a report the witness had made to the defendant a statement made to him by the plaintiff, was asked, without objection by the defendant, "whether or not the history she gave would be an adequate cause for the injury which she sustained," to which the witness answered "Yes." Counsel for the plaintiff then asked the witness: "And from that history together with your observation of the treatment that she was having, and an examination of the x-ray that you made, did you reach the conclusion that this fracture of the hip was caused in that way?" The defendant objected, the question was allowed and the defendant excepted. The witness answered "Yes."

Mass. 56; 66 Am. L. R. 1186. In *Thibeault* v. *Poole,* 283 Mass. 480, 484, it is said, "If . . . it appears that the wife has paid or rendered herself liable for such expenses, she may recover therefor in her own action."

*Exceptions overruled.*