EDWIN O. WILSON *vs.* JAMES A. JEFFREY
(and a companion case[1]).

Worcester. September 24, 1951. — December 5, 1951.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Evidence,* Competency, As to credibility of witness. *Practice, Civil,* Exceptions: whether exception saved, whether error harmful. *Error,* Whether error harmful.

After an operator of a motor vehicle, a witness for the defendant in an action arising from an accident involving such vehicle, had testified denying having made a certain statement to the police concerning the movements of the vehicle and a police officer called by the plaintiff had contradicted the operator by testifying that he had made such statement, it was error to admit, for the sole purpose as stated by the judge of rebutting any claim that the testimony of the operator was a recent contrivance, testimony by the police officer in cross-examination showing that the contents of a report of the accident received by him from the operator shortly after it occurred were consistent with the operator's testimony, where counsel for the plaintiff seasonably and clearly indicated to the judge that he was not making a claim of recent contrivance.

An exception saved to the admission of certain testimony was not lost in the circumstances where, after some further questions and rulings, the judge permitted the witness to give the same testimony again "so the jury may be clear, because of so many rulings," and the excepting party did not then expressly save an exception.

Error in the admission of certain incompetent evidence enhancing the credibility of a witness after his testimony on a vital point in the case had been contradicted was prejudicial in the circumstances.

TWO ACTIONS OF TORT. Writs in the Superior Court dated March 27, 1947.

[1] The companion case is by Barbara N. Wilson against the same defendant.

The actions were tried before *Rome, J.*

*A. A. Philbin, (J. J. Philbin* with him,) for the plaintiffs.

*B. C. Tashjian, (E. D. Simsarian* of New York with him,) for the defendant.

RONAN, J. These are two actions of tort to recover damages arising from a collision between an automobile in which the plaintiffs were riding in a westerly direction along a main highway in Bolton and an oil trailer drawn by a tractor which was travelling in an easterly direction and which was operated by one Edwards, an employee of the defendant. The accident occurred on the late afternoon of March 2, 1947, at a time when the highway was covered with three or four inches of slush. The jury found for the defendant.

Edwards, called by the defendant, testified that the automobile as it passed the tractor turned to its left and struck the left rear wheel of the trailer. He denied that he told the police officers at the scene that the trailer "jackknifed" to its left across the road. The chief of police, called by the plaintiffs, testified that Edwards told him that he applied the brakes as the automobile approached and that the trailer "jackknifed on me" and struck the automobile before he was able to get the trailer back to the right side of the road. On cross-examination, the witness testified that a few days after the accident he received a report from Edwards on one of the blanks supplied by the registry of motor vehicles. He was then asked whether there was any mention of "jackknifing" in that report. After an objection to this question by the plaintiffs, the judge conferred with counsel at the bench, at the conclusion of which the judge stated that he would admit the question to rebut any claim that the testimony of Edwards that the tractor trailer did not jackknife was a recent contrivance. He saved the exception of the plaintiffs. Counsel for the plaintiffs immediately told the judge that the "exception is not based on" a claim of recent contrivance but that the evidence was too remote in time, but the judge interrupted and informed

counsel that counsel lost the point and that counsel was "taking the position, necessarily, that what he [Edwards] said on the witness stand is a recent contrivance," and that the evidence was offered to show that his testimony was not a recent contrivance. The witness then answered that there was nothing in the report about jackknifing.

The testimony of Edwards that he did not tell the chief of police that the trailer jackknifed was contradicted by the testimony of the chief. Obviously, the testimony of Edwards and the statement attributed to him by the chief of police could not both be true. The general rule with certain exceptions is well established that a witness whose testimony is contradicted is not entitled to bolster up his testimony and enhance his credibility by showing that he had previously made statements consistent with his testimony. *Deshon* v. *Merchants' Ins. Co.* 11 Met. 199, 209. *McDonald* v. *New York Central & Hudson River Railroad,* 186 Mass. 474, 478. *Commonwealth* v. *Tucker,* 189 Mass. 457, 479–485. The exceptions to the rule were stated in *Walsh* v. *Wyman Lunch Co.* 244 Mass. 407, 409, as follows: "where it is claimed that the testimony is a recent invention or fabrication, or was given under bias or undue influence, or that the facts described in the previous testimony have been concealed under conditions which warrant the belief that, if true, the witness would have stated them." *Commonwealth* v. *Jenkins,* 10 Gray, 485, 488. *Griffin* v. *Boston,* 188 Mass. 475. *Smith* v. *Plant,* 216 Mass. 91, 102–103. *Ananian* v. *Melkon,* 230 Mass. 322, 326. *Commonwealth* v. *Corcoran,* 252 Mass. 465, 487. *Kelley* v. *Boston,* 296 Mass. 463, 465.

Our inquiry is to determine whether the evidence in question comes within the general rule or one of the exceptions. The judge admitted the evidence solely upon the ground that it was competent to meet a claim of recent contrivance. We discover nothing in the record, either in the cross-examination of Edwards or from any other circumstance, that indicated that counsel intended to make such a claim. Moreover, the judge stated in substance that

he would admit the evidence to rebut a claim that the testimony given by Edwards "was a recent contrivance for the purpose of this case." Counsel at once stated that his objection to the evidence was "not based on" the ground that the testimony of Edwards was a recent contrivance. Counsel had the choice of attacking Edwards's story on the witness stand as a recent fabrication or of going no farther than to rely upon the evidence already introduced which contradicted Edwards's testimony and dealing with the case as the ordinary one involving contradictory evidence. It is plain that he adopted, as he had a right to do, the latter course. His statement to the judge was sufficient to declare his position. The judge, however, without anything so far as appears to support him, told counsel that counsel was "taking the position, necessarily," that Edwards's testimony was a recent fabrication. Counsel was not required to take any such position. He promptly disavowed that he was making a claim of recent contrivance. We do not know what more he could have done. The admission of the evidence was error. *Commonwealth* v. *Retkovitz,* 222 Mass. 245, 252. *Ouellette* v. *Chapman,* 284 Mass. 363, 365.

The defendant contends that the plaintiffs lost the exception taken when the chief of police was permitted to testify that there was nothing in Edwards's report about jackknifing by allowing the chief to repeat the same evidence without saving an exception. We do not agree. The evidence when first introduced was immediately followed by a series of questions concerning the report and rulings were made as to the competency of a number of these questions. The judge then instructed the jury to disregard all evidence introduced subsequent to the question to the chief to which the plaintiffs had excepted. Counsel for the defendant then asked the chief whether there was anything in the report about jackknifing. Thereupon counsel for the plaintiffs objected on the ground that that question had already been answered. The judge replied, "Well, so the jury may be clear, because of so many rulings." The witness then

answered as he did before, that there was nothing in the report concerning jackknifing. We think it would be construing Rule 72 of the Superior Court (1932) too technically to say that the plaintiffs by not then taking a formal exception lost their first exception. All the evidence between the original ruling and the repetition of the same question was virtually struck out. The judge thought that it would aid the jury and get them back on the right track by recalling to them the original question and answer. He was referring them to something already in the case for the purpose of clarifying the situation. The repetition of the evidence must be viewed in the light of these circumstances rather than as the introduction of further probative evidence the same as that which had previously been admitted subject to an exception. The situation was little different from what it would have been if the judge had requested the stenographer to turn back in his notes and to read the original question and answer to the jury. From our examination of the record we are satisfied that it should have been understood that the plaintiffs' rights had been saved to the admission of this particular question.

The case of the plaintiffs depended primarily on proving that the rear of the trailer swung to its left and into the automobile as the vehicles attempted to pass each other. The testimony as to the course of both vehicles leading up to the place of collision was conflicting. Edwards was an important witness on this point but his credibility had been attacked. The evidence that he made no mention in his report of any jackknifing of the trailer, although negative in character, cannot be said to be lacking as an effective means of improving his credibility, which was the manifest purpose for which this evidence was introduced. *Commonwealth* v. *Homer*, 235 Mass. 526, 532–533. We do not know how much the jury were influenced by that evidence. It touched a vital point in the case and tended to support the testimony of Edwards that the trailer did not slide into the path of the automobile. The exceptions to the general rule limiting the admission of evidence to corroborate a witness

are narrow and are not to be extended. There is danger that the corroborative evidence may be considered by a jury as affirmative evidence of its truthfulness. There was no basis for the introduction of this corroborative evidence, and we cannot agree with the defendant that, if its admission was error, it did not constitute prejudicial error. *Commonwealth* v. *Jenkins,* 10 Gray, 485. *Commonwealth* v. *Tucker,* 189 Mass. 457, 484. *Brown* v. *Brown,* 208 Mass. 290, 293. *Commonwealth* v. *Retkovitz,* 222 Mass. 245, 250.

*Exceptions sustained.*