EDWARD A. BOUTILLETTE & another *vs*. FRANK L. ROBBINS (and a companion case [1]).

Worcester. September 23, 1958. — December 5, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Evidence*, Prior statement of witness corroborating his testimony. *Witness*, Refreshment of recollection.

There was no error in refusing to permit a witness for the defendant on redirect examination to refresh her recollection of an automobile accident by examining notes taken by an inspector from the registry of motor vehicles of what she had said to him shortly after the accident, or in excluding testimony by the inspector, thereafter offered by the defendant, of what she had said to the inspector where her statement to the inspector was no different from her testimony on direct and redirect examination and there was no suggestion by the plaintiff of recent contrivance or present bias on her part.

TWO ACTIONS OF TORT. Writs in the Superior Court dated June 23, 1952, and April 12, 1954, respectively.

The actions were tried before *Voke*, J.

*Berge C. Tashjian*, for the defendants.

*Thomas S. Carey*, for the plaintiffs.

WILLIAMS, J. Edward A. Boutillette, a minor, hereinafter called the plaintiff, was run over by a school bus in the schoolyard of Allen Joslin School in Oxford on April 8, 1952. These are two actions of tort against the owner of the bus and its operator respectively to recover for his personal injuries and the consequential damage of his father.

The plaintiff, whose age does not appear, was a student at the school. There was testimony from his witnesses that while running toward the bus he fell behind it and before he was able to get up the bus "backed up and ran over . . . [him]." There was other testimony that the bus was

---

[1] The companion case is by the same plaintiffs against George Cameron.

moving forward at about three to five miles per hour "within the schoolyard in its customary position intending to come to a stop in order that students might board it . . . [and that] the plaintiff . . . ran and either slipped or tripped and fell at a point near the rear right wheel of the bus and sustained injuries by reason of that contact with the bus."

The cases are here after verdicts for the plaintiffs on the defendants' exceptions to rulings relating to the testimony of one Doris E. (Elizabeth) Cortis, a witness called by the defendants. On direct examination she testified that at the time of the accident she was eleven years old and "saw . . . [the plaintiff] with a group of children move towards the side of the bus which was moving forward in the schoolyard. She saw . . . [him] fall to the ground as the bus was moving forward lying on his left side and that at that time the bus was just crawling forward." She further testified that on the morning after the accident she talked with an inspector from the registry of motor vehicles in the principal's office, but questions as to who was present were excluded. The judge ruled that what she said to the inspector was not admissible at that point and asked, "Does anybody here claim recent contrivance?" The attorney for the plaintiffs answered, "No."

On cross-examination the witness was asked if previous to the trial she had talked with the attorneys for the defendants and she answered, "Yes." She then testified that she saw the plaintiff on the ground before the wheel of the bus hit him and was asked whether her attention was attracted to the accident by a scream. She answered that it was not, and then said that she did not remember "whether it was or not; that as she was walking in a southerly direction out of the schoolyard the bus passed her going northerly and that she had her back towards the bus, and that it was while she was so walking that her attention was called to . . . [the plaintiff] on the ground."

In the course of her redirect examination, the attorney for the defendants asked the inspector (who seems to have been in the court room) if he had his notes with him and

stated that he would like to have the witness look at them and read them to herself for the purpose of refreshing her recollection. The judge asked the attorney if he wished to confer with his witness without apparently receiving an answer. The question as to refreshment of recollection was excluded and the defendants excepted. The judge then examined the witness and she repeated to him the testimony which she had given on direct examination as to the bus passing over the boy while it was moving forward. The defendants called the motor vehicles inspector and asked him what the Cortis girl told him. The question was excluded; the defendants excepted and offered to prove "that witness would say in talking with Elizabeth Cortis, she told him that she saw the Boutillette boy run, fall to the ground, and the bus while moving forward, passed over the plaintiff."

The defendants concede the general rule that a party may not corroborate, confirm or fortify the testimony of his witness by showing that previously he had made similar statements. *Commonwealth* v. *Jenkins,* 10 Gray, 485, 488. *Griffin* v. *Boston,* 188 Mass. 475, 477. *Commonwealth* v. *Tucker,* 189 Mass. 457, 479–485. *Brown* v. *Brown,* 208 Mass. 290, 292–293. *Commonwealth* v. *Retkovitz,* 222 Mass. 245, 249–250. *Wilson* v. *Jeffrey,* 328 Mass. 192, 194. They contend, however, that the instant case comes within the exception to the rule where there is a claim of recent contrivance (see *Walsh* v. *Wyman Lunch Co.* 244 Mass. 407, 409). They argue that although the plaintiffs' attorney verbally denied such claim, his cross-examination of the Cortis girl would "imply to the jury that the testimony is of recent invention," citing *Griffin* v. *Boston, supra,* pp. 476–477, *Kelley* v. *Boston,* 296 Mass. 463, 465, and *Commonwealth* v. *Giacomazza,* 311 Mass. 456, 469. The point urged by the defendants was considered at length in *Commonwealth* v. *Tucker, supra,* pp. 484–485, where it was said: "[T]hese . . . exceptions . . . [based on claims of recent contrivance or present bias] should be construed with some strictness, so as not to nullify the general rule. . . . Whether the course of the trial has been such as to require a statement of what

the witness had previously said, to meet an attack upon his testimony, founded on either of these peculiar conditions, is primarily a question of fact, to be decided by the presiding judge. His decision upon such a question ought not to be set aside by an appellate court unless it is plainly wrong. To use a common expression, the reason for which has just been stated, the admission or exclusion of such testimony rests largely in the discretion of the trial court."

We perceive nothing in the cross-examination of Miss Cortis by the plaintiffs' attorney to suggest to the jury that the witness's testimony had been recently contrived or was given because of some influence sufficient to cause bias. The questions as to talks with the defendants' counsel went no farther than an attempt to test recollection or to provide a possible foundation for the introduction of conflicting statements.

The statement of the witness to the inspector which the defendants offered to prove appears to have been no different from the testimony which she gave in court in answer to the defendants' counsel and repeated after cross-examination in response to inquiry by the judge. No occasion appeared for permitting her to refresh her recollection by examining the inspector's notes. The judge may well have felt that the continued reference to the statement made to the inspector was an effort to circumvent the general rule as to prior statements.

*Exceptions overruled.*