COMMONWEALTH *vs.* NEAL MARINI. May 31, 1977. 1. The judge did not err in refusing to allow the defendant's alibi witness to testify on redirect examination as to a prior consistent statement she might have made concerning the time of day she had seen the defendant in his home on the date the offences were committed. There had been nothing in the cross examination of that witness to suggest that she had ever made a prior inconsistent statement on this subject, that she had previously withheld or concealed the facts to which she had testified, that she had been subjected to any undue influence to testify in a particular manner, or that any of her testimony was a recent contrivance. See *Commonwealth* v. *Retkovitz,* 222 Mass. 245, 250 (1915); *Commonwealth* v. *Corcoran,* 252 Mass. 465, 487 (1925); *Commonwealth* v. *Heffernan,* 350 Mass. 48, 52, cert. den. 384 U. S. 960 (1966); *Commonwealth* v. *Carroll,* 360 Mass. 580, 588 (1971); *Commonwealth* v. *Pickles,* 364 Mass. 395, 401 (1973); *Commonwealth* v. *Caine,* 366 Mass. 366, 368 (1974). The only visible support for the admission of the desired statement was the possibility (elicited during cross examination of the witness) that her direct testimony had been biased in the defendant's favor by reason of her longtime friendship with the defendant's mother and her (the witness's) refusal to believe the charges against the defendant. See *Commonwealth* v. *Jenkins,* 10 Gray 485, 489 (1858); *Commonwealth* v. *Retkovitz,* 222 Mass. at 250; *Boutillette* v. *Robbins,* 338 Mass. 195, 198 (1958). As the defendant now concedes, the circumstances were such that the admission or exclusion of the desired evidence lay within the judge's discretion. *Commonwealth* v. *Tucker,* 189 Mass. 457, 485 (1905). *Commonwealth* v. *Zukoski,* 370 Mass. 23, 27 (1976). *Commonwealth* v. *Tatro,* 4 Mass. App. Ct. 295, 304-305 (1976). No abuse of discretion has been shown. 2. Nor did the judge err in overruling the defendant's objections to (a) the in-court voice identification of the defendant by the victim which took place following the conclusion of the defendant's own alibi testimony and (b) the particular words which the defendant was asked to and did speak in the presence of the victim and the jury as a preliminary to the actual identification by the victim (including the specific words the victim had previously testified were used by her assailant in ordering her to perform one of the acts of fellatio). The articulated objections were

Rescript Opinions.

(a) that the proposed identification would be (i) cumulative of the visual identification the victim had already made during the course of the Commonwealth's case in chief and (ii) "prejudicial," and, (b) that the selected voice exemplars were inflammatory and offensive. The voice identification had some probative value (*Commonwealth* v. *Torres,* 367 Mass. 737, 739, n.2, and 741-742 [1975]), and it was for the judge to determine, in the exercise of his discretion, whether the probative value of an additional identification of the defendant would outweigh the inflammatory effect of the exemplars. Compare *Commonwealth* v. *Bys,* 370 Mass. 350, 358-361 (1976), and cases cited. Contrast *Commonwealth* v. *Richmond,* 371 Mass. 563, 564-566 (1976). Again, no abuse of discretion has been shown. The point that the proposed voice identification might be unnecessarily suggestive (see *Commonwealth* v. *Torres,* 367 Mass. at 740, and cases cited) was not raised below (compare *Commonwealth* v. *Meggs,* 4 Mass. App. Ct. 773, 774 [1976]), and no grave injustice will result from our refusal to entertain the point for the first time on appeal. *Commonwealth* v. *Harris,* 364 Mass. 236, 241 (1973). *Commonwealth* v. *Doherty,* 371 Mass. 413, 418-419 (1976). *Commonwealth* v. *Kelley,* 4 Mass. App. Ct. 867 (1976).

*Judgments affirmed.*

*Dyanne Klein Polatin* for the defendant.
*Richard A. Hannaway,* Assistant District Attorney, for the Commonwealth.