COMMONWEALTH *vs.* RICHARD L. BENNETT. February 25, 1982. Bennett was convicted of rape and assault and battery in a trial (jury waived) before a judge of the Superior Court. Bennett has appealed the conviction of rape; the indictment for assault and battery was placed on file with his consent.

The victim and her husband attended a party at their house beginning about noon and also another later party at a neighbor's apartment. The husband went to bed "a little while" after 8 P.M. but the victim remained at the party. She consumed a total of about eight beers at these parties. She left the party with one Kathy Amo and Bennett about 11:30 P.M. The victim and Bennett dropped Miss Amo at her house and stopped at a bar where they remained until after 1:30 A.M. Then they left in an automobile driven by Bennett.

There was a conflict between the testimony of the victim and Bennett as to what occurred thereafter early that morning. It was essentially agreed that the automobile was parked with lights off on a dirt road on or near Fort Hill Road, Easthampton. The victim's testimony was that Bennett soon attempted to force her to perform fellatio upon him, and that, after he had succeeded to some extent, she escaped from the automobile, ran to a house nearby, and was admitted. From there, police took her to the Easthampton police station. There she wrote out a statement of the night's events for Detective Lavalle. On the other hand, Bennett's testimony was essentially that suddenly, during some active "making out" and kissing, the victim accused him of "just going to use her" and slapped him, so that he grabbed her by the hair, threw her out of the automobile, and that he then drove off to the house of Mrs. Barbara Paniczko. We consider the few issues argued in behalf of Bennett.

1. Bennett was not allowed to introduce through Mrs. Paniczko, called by him as a witness, her conversation with Bennett when he came to her house immediately after the events on or near Fort Hill Road. There was no offer of proof of what that conversation would have been. Bennett's counsel did not ask the trial judge to receive this testimony to rehabilitate Bennett (see Liacos, Massachusetts Evidence 168-169 [5th ed. 1981]) as a witness after any suggestion (if any such suggestion, indeed, in fact had been made) that his account of the episode on Fort Hill Road may have been a recent contrivance. See *Commonwealth* v. *Zukoski*, 370 Mass. 23, 26-28 (1976). The testimony, even if admitted, probably would have been cumulative. Detective Lavalle had testified already to a conversation with Bennett very shortly after the Fort Hill Road episode when he gave a story reasonably consistent with Bennett's testimony at trial.

2. Bennett was not treated in discriminatory fashion because his explanation of the events to Mrs. Paniczko was excluded whereas the victim was allowed to introduce her "fresh complaint" to the police to corroborate her testimony. The admissibility of a "fresh complaint" by a victim in rape cases is firmly established in Massachusetts. *Commonwealth* v. *Bailey*, 370 Mass. 388, 391-397 (1976). The facts of this case do not even remotely resemble, in effect or possible prejudice to the defendant, those resulting in the reversal of the conviction in *Chambers* v. *Mississippi*, 410 U.S. 284, 302-303 (1973), a case relied upon by Bennett.

3. The trial judge could properly permit examination of Bennett concerning his use of alcohol and marijuana as bearing upon the extent to which that use might have affected his ability to perceive the relevant events. The judge adequately recognized that Bennett's criminal record could be used only to impeach his credibility. G. L. c. 233, § 21.

4. The victim's testimony (Bennett does not appear to argue otherwise) permitted the trial judge to conclude that Bennett was guilty of the offenses charged.

*Judgment affirmed.*

*Marianne Marxkors* (*John M. Thompson* with her) for the defendant.
*Stephen R. Kaplan*, Assistant District Attorney, for the Commonwealth.