COMMONWEALTH vs. CARL ATKINSON.

Barnstable. October 13, 1982. — January 24, 1983.

Present: HALE, C.J., ARMSTRONG, & SMITH, JJ.

*Pleading, Criminal,* Indictment. *Alibi. Practice, Criminal,* Nolle prosequi.

A defendant convicted of indecent assault and battery on a child under fourteen was not deprived of adequate information upon which he could premise his defense as a result of the entry of a nolle prosequi to the original indictments against him, alleging the offenses to have been committed "on or about October 11, 1980," and "on or about October 12, 1980," and the return of new indictments which changed the time of the offenses to read "between August 1, 1980, and August 30, 1980," and "between August 1, 1980, and September 1, 1980." [203]

Disclosure by defense counsel at a pretrial conference of the defendant's intention to rely on an alibi defense did not constitute forced disclosure of the defense requiring dismissal of the indictments against the defendant, where it was obvious that defense counsel and the prosecutor had decided to waive formal reciprocal alibi discovery. [203-204]

Entry of a nolle prosequi by a prosecutor to indictments charging a defendant with sexual offenses against a child after the defendant had given notice of an alibi defense and the issuance of new indictments giving expanded times for the offenses did not deprive the defendant of due process of law, where it was the young victim's failure of memory which prompted the prosecutor's action, rather than an attempt by the prosecutor to render the defendant's proposed alibi defense useless. [204-205]

On appeal of a criminal conviction this court did not consider the defendant's claim, made for the first time on appeal, that he had been denied his right to a speedy trial. [205]

INDICTMENTS found and returned in the Superior Court Department on October 22, 1981.

The cases were heard by *Keating, J.*

*John P. Courtney* for the defendant.

*Robert F. Mills* (*W. James O'Neill,* Assistant District Attorney, with him) for the Commonwealth.

SMITH, J. The defendant appeals from convictions on two counts of indecent assault and battery on a child under fourteen. G. L. c. 265, § 13B. The sole issue raised on appeal alleges error in the denial of the defendant's motion to dismiss the indictments. The thrust of the defendant's argument is that after the defendant had given notice of an alibi defense, the prosecutor violated the defendant's constitutional rights by entering a nolle prosequi to the original indictments and securing the return of new indictments which alleged an expanded time frame for the offenses, thus rendering the purported alibi useless.

The essential facts are not in dispute. The defendant was first indicted on March 10, 1981, on three indictments, which alleged that he had committed rape of a child, sodomy, and indecent assault and battery on a child under fourteen years of age. Each indictment contained two counts. One count alleged the specified offense to have taken place "on or about October 11, 1980"; the other count alleged the same offense to have taken place "on or about October 12, 1980." The cases were the subject of a conference under Mass.R.Crim.P. 11(a)(1), 378 Mass. 862 (1979). The conference report noted that the defendant had advised the Commonwealth of his intent to raise an alibi defense. Mass.R.Crim.P. 11(a)(1)(C), 378 Mass. 863 (1979). The report also stated that the names of the alibi witnesses had been provided to the Commonwealth.

On October 8, 1981, the day scheduled for trial, the prosecutor moved to amend the indictments by changing the dates specified in the various counts. As justification for the amendments, the prosecutor stated that as a result of recent interviews with the eight year old victim, he believed that the days should be amended to "some two days in August." In the alternative, the prosecutor offered to enter a nolle prosequi and then to seek new indictments. Defense counsel stated that he preferred that the nolle prosequi enter rather than that the indictments be amended. He did not object to the proposed action of the prosecutor or to the subsequent continuance.

On October 22, 1981, three new indictments were returned against the defendant charging him with the same offenses. Each indictment, as before, contained two counts, but the time of the alleged offenses was changed in the first count to read "between August 1, 1980, and August 30, 1980," and in the second count to read "between August 1, 1980, and September 1, 1980." The defendant filed a motion for a bill of particulars; the Commonwealth responded, as to the time of the offenses, that they occurred "between August 1 and September 30, 1980." [1] The defendant, thereafter, filed the motion to dismiss the indictments. The grounds for the motion were (1) that the time span in the second set of indictments did not provide adequate information to prepare a defense; (2) that he was constitutionally prejudiced by forced disclosure of his alibi defense; and (3) that the Commonwealth's actions in entering a nolle prosequi and having new indictments returned was a denial of due process. The judge denied the motion.

At the trial before a Superior Court judge, sitting without a jury, the victim, who was eight years old at the time of the offenses, testified that the defendant committed rape and sodomy on him on two separate occasions. He was unable to remember the specific dates of the assaults, but he "believed" that the incidents took place prior to the opening of school in the fall of 1980. The defendant did not testify. He was found guilty by the judge on the two counts that charged indecent assault and battery on a child under fourteen and not guilty of the counts that alleged rape and sodomy. We now discuss the grounds cited by the defendant as the basis of his motion to dismiss the indictments. The burden is on the defendant to establish the facts, if any, necessary to support his motion to dismiss. *Commonwealth* v. *Benjamin*, 358 Mass. 672, 676 n.5 (1971).

---

[1] The allegation in the particulars extending the time of the offense to "September 30, 1980," was obviously a clerical error. The defendant did not file a motion to strike the answer. See *Commonwealth* v. *Benjamin*, 358 Mass. 672, 676 & n.6 (1971).

1. *Time span of offenses alleged in the second set of indictments.* The defendant contends that the expanded time span alleged in the second set of indictments was so broad as to fail to provide adequate information upon which he could premise his defense. The time of the offenses, however, is not an essential element of the crimes charged and therefore need not be precisely alleged. A reason that the law frequently cannot demand great exactness of time from victims of pederasts is that the victims are young and often unable to pinpoint the exact date of the alleged sexual assaults; the offenses are frequently repetitive, secretive, and not reported by the victims for a considerable time after their occurrence because of fears engendered by threats made to the victims by the perpetrators.[2] Where time is not an essential element of the offense, the Commonwealth should not be required to pinpoint a date with greater exactitude than is reasonable under the circumstances. See generally *Commonwealth* v. *King,* 387 Mass. 464, 468-469 (1982); *Commonwealth* v. *Vernazzarro,* 10 Mass. App. Ct. 897 (1980).

In addition, the defendant has failed to demonstrate that he was prejudiced by the expanded time frame. The anticipated testimony of his alibi witnesses was not set out in affidavit form or contained in the affidavit of the defendant that accompanied the motion to dismiss the indictments. Therefore, because we do not know the details of the alibi defense that would have been offered had trial been held on the original indictments, we do not know exactly what the defendant lost, if anything, by the expanded time frame contained in the second set of indictments.

2. *The "forced" disclosure of the alibi defense.* The defendant claims as a further ground for the allowance of his motion to dismiss the indictments that he was prejudiced

---

[2] The eight year old victim here did not inform his mother of the alleged sexual assaults until February, 1981, months after even those dates contained in the first set of indictments. The victim also testified that the defendant threatened him with bodily harm if he told anyone of the assaults.

by the "forced" disclosure of his alibi defense. At the pretrial conference, defense counsel disclosed to the prosecutor that the defendant intended to rely on the defense of alibi. The prosecutor, neither by motion nor otherwise, compelled this disclosure. It is obvious that the defense counsel and the prosecutor decided to waive, as was their choice, the formal reciprocal alibi discovery rule found in Mass.R. Crim.P. 14(b)(1), 378 Mass. 876 (1979). See *Commonwealth* v. *Delaney*, 11 Mass. App. Ct. 398, 401-402 (1981). There was no forced disclosure of the alibi defense.

3. *Whether the actions of the prosecutor denied the defendant due process.* The defendant argues that once notice of an alibi defense was given, the prosecutor violated the defendant's right to due process by entering a nolle prosequi and having new indictments issued with expanded time frames, thus rendering the proposed alibi defense useless. The defendant's contention is without merit.

A prosecutor's right to enter a nolle prosequi before trial is without limitation, except possibly in instances of scandalous abuse of his authority. *Commonwealth* v. *Descalakis*, 246 Mass. 12, 18 (1923). Defense counsel informed the judge that he preferred that the prosecution enter a nolle prosequi rather than have the judge allow amendment of the indictments. The subsequent action of the prosecutor in light of the position taken by defense counsel was not the "scandalous abuse" of his authority that would warrant dismissal of the indictments. *Ibid.* The defendant has failed to demonstrate that the actions of the prosecutor were motivated by a desire to obtain an unfair advantage over the defendant. At trial, the evidence indicated that the victim first informed the police that the incidents occurred in October but later stated that he thought that they occurred during the summer, before the start of the school year. This evidence supported the prosecutor's initial request that the original indictments be amended on the ground that the victim had been confused as to the dates of the assaults. Thus, it was the understandable failure of memory of the victim

that caused the prosecutor's action, not an attempt by him to render the defendant's proposed alibi defense useless.

In addition, as mentioned before (part 1, *supra*), the defendant has failed to show how he was prejudiced by the procedures in that he did not present to the motion judge any of the details of the alibi defense that he intended to rely on at trial.

4. *Alleged denial of speedy trial.* Appellate counsel, ignoring the oft-quoted rule of the Supreme Judicial Court and this court that grounds not argued before the judge below will not be considered on appeal (see *Commonwealth* v. *Johnson,* 371 Mass. 862, 867 [1977]; *Commonwealth* v. *Kelley,* 4 Mass. App. Ct. 867 [1976]), seeks to raise for the first time the claim that the action of the prosecutor denied the defendant his right to a speedy trial. We will not consider the contention but note that the trial occurred well within the period specified in Mass.R.Crim.P. 36(b)(1)(C), 378 Mass. 909 (1979), and that the defendant is not entitled to a dismissal under Mass.R.Crim.P. 36(c), 378 Mass. 912 (1979), as he has not shown that the conduct of the prosecutor resulted in prejudice to him. *Commonwealth* v. *Balliro,* 385 Mass. 618 (1982), is inappropriate because the original indictments in *Balliro* were deficient in a matter of substance, having improperly described the offense for which the defendant could be successfully prosecuted. The deficiency here, if any, was by contrast only a matter of form.

*Judgments affirmed.*