COMMONWEALTH *vs.* JOHN KIRBY. October 11, 1984. *Evidence,* Relevancy and materiality, Prior consistent statement. *Practice, Criminal,* Argument by prosecutor.

Convicted of armed robbery upon the verdict of a Middlesex jury, the defendant Kirby seeks reversal because of (1) an alleged error in a ruling on evidence, and (2) prejudicial remarks by the prosecutor in his closing speech. We affirm the judgment.

The crime occurred at 9:30 P.M. The sister of the defendant's girlfriend testified for the defense that around 7:00 P.M. on that day the defendant appeared at her apartment, said that he had been in a fight and was in pain, retired to the bedroom, fell asleep, and did not emerge until the following afternoon. The testimony was weakened by cross-examination. To support the alibi, the defense proposed to recall the arresting officer and elicit testimony from him that in a conversation following the arrest the defendant,

denying involvement in the crime, told the officer that he had been in a fight on the day of the crime. At that stage of the trial there was no basis for admitting such testimony by the officer, and the judge properly disallowed it. On no theory could it be admitted to shore up the woman's testimony, as the defense now concedes; and the judge was not required to admit it on any assumption as to what the defendant might testify to, especially as the defense had not then decided whether to call him. Compare *Commonwealth* v. *Saarela,* 376 Mass. 720, 723 (1978).

Later the defendant did take the stand and said that he had been in a fight and, suffering pain, had gone to the apartment and slept there until about 4:00 P.M. the following day. The Commonwealth on cross-examination sought to show that this story was highly improbable, a contrived alibi, a fabrication. At this point the defense might, with some plausibility, have proposed to call the officer and offer his testimony about the defendant's postarrest statement as a prior consistent statement on the part of the defendant serving to support or rehabilitate his courtroom testimony. For the general proposition, see *Commonwealth* v. *Jenkins,* 10 Gray 485, 489 (1858); *Commonwealth* v. *Tucker,* 189 Mass. 457, 483-485 (1905); *Commonwealth* v. *Zukoski,* 370 Mass. 23, 26-27 (1976); McCormick, Evidence § 251, at 744-748 (3d ed. 1984). The defense, however, made no such offer.

We add that, had the offer been made, the judge would have been warranted in ruling against it. There could hardly be a rehabilitation here, where the motive for the fabrication would evidently have been at work as well when the defendant spoke under the menace of the arrest as later. See *Commonwealth* v. *Zukoski, supra; Commonwealth* v. *DiLego,* 387 Mass. 394, 398-399 (1982); *Commonwealth* v. *Maioli,* 11 Mass. App. Ct. 179, 182-183 (1981). McCormick, *supra* § 49, at 118-120; Liacos, Massachusetts Evidence 169 (5th ed. 1981).

Although the defendant did not have the benefit of support from the officer, he himself testified that he mentioned the fight to the officer in the postarrest colloquy. The prosecution chose not to object to the testimony, nor did it attack it specifically on cross-examination.

After the prosecutor's closing speech, the defense objected that he had indulged in professions of his own belief in the defendant's guilt. The prosecutor at a few places ran regrettably close to the line,[1] but we think the jury would rather have understood the remarks as submissions to them that the evidence called for conviction; and the judge's instructions were cautionary. Compare *Commonwealth* v. *Stone,* 366 Mass. 506, 516 (1974); *Commonwealth* v. *Earltop,* 372 Mass. 199, 203-204 (1977).

On appeal there is also protest that the prosecutor in his closing misstated some pieces of the evidence. The fact that no objection was taken on this

---

[1] "It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant." S.J.C. Rule 3:08, PF 13(b), 382 Mass. 802 (1981).

ground suggests that defense counsel did not see these slips as material or prejudicial at the time. The prosecutor should have been more careful,[2] but again, aided by the judge's charge, the record does not come close to calling for reversal. Compare *Commonwealth* v. *Atkins,* 386 Mass. 593, 605-606 (1982), with *Commonwealth* v. *Hoppin,* 387 Mass. 25, 28-32 (1982). Neither was there objection on the ground, now urged, that the prosecutor denigrated defense counsel and may thereby have hurt the defense. Courtesy was not the prosecutor's long suit, but we think the criticism is overdrawn in the argument on appeal. We do not condone any departure from the standards of prosecutorial behavior described many times in the decisions, but we do not think the fairness of the present trial was compromised by the prosecutor's insensitivity. See *Commonwealth* v. *Borodine,* 371 Mass. 1, 11-12 (1976), cert. denied, 429 U.S. 1049 (1977); *Commonwealth* v. *Cheek,* 374 Mass. 613, 619 (1978).

*Judgment affirmed.*

*Bruce Ferg* for the defendant.
*Pamela L. Hunt,* Assistant District Attorney, for the Commonwealth.

---

[2] "It is unprofessional conduct for the prosecutor intentionally to misstate the evidence." S.J.C. Rule 3:08, PF 13(a), 382 Mass. 802 (1981).