COMMONWEALTH vs. ROBERT BINIENDA.

Suffolk.  January 16, 1985. — September 16, 1985.

Present: KASS, SMITH, & WARNER, JJ.

*Evidence*, Prior consistent statement, Recent invention. *Practice, Criminal*, Lesser included offense.

At an armed robbery trial during which the defendant put forth as his only defense the claim that the complainant had fabricated the story of the robbery, it was reversible error to admit testimony that less than an hour after the events in question the complainant had told a hotel doorman that he had been robbed, offered to show that the complainant's testimony to that effect was not recently contrived, where any motive the complainant may have had to falsify the details of the robbery already existed when he made the statement to the doorman. [758-760]

INDICTMENTS found and returned in the Superior Court Department on May 4, 1982.

The cases were tried before *Robert J. Hallisey*, J.

*Ellen A. Howard*, Committee for Public Counsel Services, for the defendant.

*Judy G. Zeprun*, Assistant District Attorney, for the Commonwealth.

SMITH, J.  The defendant appeals from his convictions by a jury on indictments charging him with armed robbery, and assault and battery by means of a dangerous weapon. We reverse the judgments because a prior consistent statement was erroneously admitted in evidence.

1. *Admissibility of prior consistent statement of the complainant*. The complainant testified to the following facts on direct examination. On December 23, 1981, at approximately 6:00 P.M., he was in a restaurant located in a downtown hotel in Boston. He left the restaurant and went into the lobby to make a telephone call. Before making the call he took out of his

pocket a large roll of bills in order to reach a coin. At that time he noticed the defendant in the next telephone booth looking at him. The defendant, who appeared to be a male dressed in female clothing, made some "advances" to the complainant. The complainant "suspected that there was something wrong." He completed his telephone call and returned to the restaurant.

Shortly thereafter, he left the restaurant and walked to his car parked some three blocks away. He heard someone walking behind him, turned and saw the defendant walking toward him carrying a large handbag. The complainant kept on walking, turned again, and noticed that the defendant had come closer to him and was walking at a faster pace. He turned a third time and saw that the defendant was right behind him. The defendant then hit the complainant on the back of the head and upper part of the neck with the handbag, knocking him to the ground. While the complainant was on the ground, the defendant reached into his pocket and took the roll of bills but left the complainant's wallet. The complainant chased the defendant, lost him, and continued to look for him for about thirty minutes. He finally returned to the hotel, where he spoke to the doorman. He testified, over the defendant's objection, that he told the doorman that "I had [been] robbed."[1] The judge allowed the statement in evidence as a prior consistent statement of the complainant.[2] The defendant contends that the judge's action was error.

---

[1] Later in the Commonwealth's case, the doorman testified, over the defendant's objection that the complainant said to him, "You probably won't believe this, but I think I have been beaten up and robbed by a girl."

[2] The judge permitted the introduction in evidence of the prior consistent statement out of the order usually followed at trials. See *Commonwealth v. Saarela*, 376 Mass. 720, 722-723 (1978). The record contains some clues as to the reason the judge permitted the introduction of the prior consistent statement on direct examination. Prior to the empanelment of the jury, the judge gave a brief summary of the contentions of both sides to the prospective jurors. After a short outline of the Commonwealth's case, he stated that the "[d]efendant's overall contention is that there was a meeting between [the complainant and the defendant] but there was no robbery and no assault."

The judge explained to the prospective jurors that he had obtained his information about the case from an examination of the papers and a "short

The general rule, with certain exceptions, is that prior consistent statements are excluded from evidence. *Commonwealth* v. *Tucker*, 189 Mass. 457, 479-485 (1905). *Commonwealth* v. *Zukoski*, 370 Mass. 23, 26 (1976). Liacos, Massachusetts Evidence 169 (5th ed. 1981). However, such statements are admissible where there is a claim "that the testimony is a recent invention or fabrication." *Wilson* v. *Jeffrey*, 328 Mass. 192, 194 (1951), quoting from *Walsh* v. *Wyman Lunch Co.*, 244 Mass. 407, 409 (1923). *Commonwealth* v. *Jenkins*, 10 Gray 485, 488 (1858). *Commonwealth* v. *Corcoran*, 252 Mass. 465, 487 (1925). The Commonwealth contends that this exception applies because the defendant has raised such a claim. Our inquiry, therefore, is to determine whether the prior consistent statement comes within the general rule or within the exception.

As a result of a stipulation entered into by the parties at the start of the trial, the only issue before the jury was whether the robbery had taken place.[3] The record shows that the defendant put forth as his only defense the claim that the complainant had fabricated the story of the robbery. That claim was raised in the following manner. The defendant implied that the meeting referred to in the stipulation was a homosexual encounter,[4]

conference" that he had with counsel about the case. It is readily apparent from the judge's comments that it was at the conference that he learned about the theory to be employed at trial by defense counsel, that is, that the complainant's testimony was fabricated. Therefore, the information learned at the conference by the judge undoubtedly formed the basis for his rulings concerning the admissibility of the complainant's prior consistent statement on direct examination. The conference was not placed on the record. We urge trial judges to make sure that pretrial conferences of the type engaged in here are on the record.

[3] The stipulation read as follows: "Identification is not an issue between the [d]efendant and the [g]overnment. It is agreed that the alleged victim . . . and the [d]efendant did come upon each other on or around 6:00 P.M. on the evening of December 23, 1981. That is agreed and not in dispute between the [g]overnment and the [d]efense."

[4] The defendant did not testify. The implication that the meeting between the complainant and the defendant was homosexual in nature was raised by the defendant in questions asked of the complainant during cross-examination and through the defendant's only witness. On cross-examination, the complainant testified that he did not know the location of Jacques Bar. The defendant's only witness was a self-described transsexual. That witness testified that "Jacques is a gay bar known to be frequented by transvestites

and that after the encounter the complainant discovered that his money was missing and suspected that the defendant was responsible for the loss. It was further implied that the complainant then fabricated the details of a robbery in the hope of recovering his money and to avoid disclosing the true nature of the encounter that he had had with the defendant.

Therefore, the Commonwealth is correct in its contention that the defendant raised a claim that the complainant's testimony was fabricated. However, in order for the Commonwealth to introduce in evidence the complainant's statement to the doorman it also must be shown that the statement was made before the alleged motive to fabricate the testimony came into existence. Judge Learned Hand stated the rule as follows: "when the veracity of a witness is subject to challenge because of motive to fabricate, it is competent to put in evidence statements made by him consistent with what he says on the stand, made before the motive arose." *DiCarlo* v. *United States*, 6 F.2d 364, 366 (2d Cir. 1925). The law in this Commonwealth is in accord. See *Commonwealth* v. *Haywood*, 377 Mass. 755, 763 (1979); *Commonwealth* v. *Healy*, 393 Mass. 367, 384 (1984); *Commonwealth* v. *Kirby*, 18 Mass. App. Ct. 960, 961 (1984). Here, the defendant claimed that the complainant's motive to falsify the details of a robbery (and his subsequent testimony) arose when he discovered that his money was missing. Therefore, his statement to the doorman was made *after* and not *before* the alleged motive to falsify testimony came into existence. See *Commonwealth* v. *Healy, supra.* Thus, the statement of the complainant to the doorman was not admissible.[5] The error was prejudicial because, despite limiting instructions, there is always present the danger that the jury will

---

and transsexuals . . .". The witness then stated that she had seen the complainant in Jacques Bar on two occasions. Time and again during his closing argument, defense counsel argued to the jury that on the evening in question, there was a "meeting" between the complainant and the defendant but that there was not any robbery or an assault and battery with a dangerous weapon.

[5] The statement would not be admissible in the Federal courts under Fed. R.Evid. 801 (d) (1) (B). See *United States* v. *Quinto*, 582 F.2d 224, 234 (2d Cir. 1978).

consider the statement as affirmative evidence of its truthfulness. *Wilson* v. *Jeffrey*, 328 Mass. 192, 197 (1951). *Commonwealth* v. *Darden*, 5 Mass. App. Ct. 522, 528 (1977). On this record, therefore, we rule that it was prejudicial error to permit the introduction of the statement.[6]

2. *Conclusion.* Other questions raised by the defendant are unlikely to arise at retrial. The defendant's claim that the judge should have dismissed the indictment charging assault and battery by means of a dangerous weapon because he charged the jury that it was a lesser-included offense of the armed robbery charge is without merit. A reading of the judge's charge shows that he did not so instruct the jury. In any event, the former charge is not a lesser-included offense of the latter. See *Commonwealth* v. *Rodriguez*, 11 Mass. App. Ct. 379, 380 (1981).

*Judgments reversed.*

*Verdicts set aside.*

---

[6] The Commonwealth urges us to extend the applicability of the "fresh complaint" rule to this case. Under the rule, evidence of a victim's prior statement reporting the crime shortly after it has occurred is admitted to corroborate the victim's testimony. *Commonwealth* v. *Bailey*, 370 Mass. 388, 392 (1976). It has been limited to rape and other sexual assaults. *Commonwealth* v. *Blow*, 370 Mass. 401, 406 (1976). *Commonwealth* v. *Brenner*, 18 Mass. App. Ct. 930, 931 (1984). On this record we decline to extend it to this case.