## COMMONWEALTH *vs.* PAUL BOUGAS.

No. 01-P-1305.

Middlesex. March 3, 2003. - September 22, 2003.

Present: COWIN, KASS, & GREEN, JJ.

*Practice, Criminal,* Amendment of indictment or complaint, Lesser included offense. *Assault with Intent to Rape. Limitations, Statute of. Waiver. Evidence,* Prior consistent statement, Expert opinion, Sexual conduct. *Witness,* Expert.

In a criminal case, the defendant was not prejudiced by the judge's allowing amendment of the pending indictment, where the defendant made no showing that any evidence or argument otherwise available to him was eliminated by expanding the time period referred to in the indictment as originally presented. [370-371]

At a criminal trial, the judge did not err in denying the defendant's motion for a required finding of not guilty with respect to a charge of assault with intent to rape on the basis that, absent amendment to the indictment, the Commonwealth would have failed to prove its case as a matter of law, where the judge's allowance of the Commonwealth's motion to amend the indictment was not improper and, even without the amendment, the evidence was sufficient for conviction. [371]

This court declined to decide a question raised by a criminal defendant that he was entitled to a required finding of not guilty with respect to a charge of assault with intent to rape because the lesser included offense of which he was convicted (simple assault) was barred by the applicable statute of limitations, where the defendant's request at trial for a lesser included offense instruction, together with his silence regarding the statute of limitations issue, constituted a waiver of the limitations defense. [371-373]

At the trial of indictments charging sexual abuse, the judge did not abuse his discretion in deciding that the circumstances justified the admission of a witness's prior consistent statements where, despite the judge's exclusion of the statements on the ground that the passage of time between the alleged abuse and disclosure was so extended that the complaint was no longer "fresh," the testimony was admissible for the limited purpose of rehabilitating a witness, and where the judge instructed the jury that the statement was not admitted for its truth. [373-375]

At the trial of indictments charging sexual abuse of a child, the judge acted within his discretion in drawing the line between the Commonwealth's use of expert testimony on the "delayed disclosure syndrome" common among child victims of sexual abuse and that sought to be admitted by the defendant that children enmeshed in family turmoil often fabricate allegations of this nature. [375-376]

INDICTMENTS found and returned in the Superior Court Department on August 26, 1999.

The cases were tried before *Stephen E. Neel*, J.

*Robert L. Sheketoff* for the defendant.

*Lillian Cheng*, Assistant District Attorney, for the Commonwealth.

COWIN, J. After a jury trial, the defendant was convicted of (1) indecent assault and battery on a child under fourteen years (as a lesser included offense of a charge of unnatural sexual intercourse with a child under sixteen years); (2) assault (as a lesser included offense of a charge of assault of a child under sixteen years with intent to rape); and (3) indecent assault and battery on a child under fourteen years. The defendant asserts that the proceedings were affected by a variety of prejudicial errors that deprived him of due process. Finding no errors in this carefully conducted trial, we affirm.

The jury could permissibly have found as follows. From 1979 to 1986, the defendant was employed at a florist business operated by the victim's uncle. The defendant often took the victim, who turned two years of age in November, 1982, as well as her brothers, for rides in his van around the florist compound. On a number of occasions, alone with the victim in the garage, and with the garage doors closed, he exposed himself to her; on three of these occasions, he forced her to touch or hold his penis. Twice he took her out of the van, undressed her, lifted her over his head and put his mouth to her genital area.

In December, 1985, the victim moved with her parents to another town and thereafter seldom saw the defendant. In February, 1988, the victim's parents separated. Her father moved out of the marital home while the victim remained with her mother. In 1989, the victim and her mother visited the defendant and his girlfriend. The victim accompanied the defendant to a nearby lake. As they returned through some woods, the defendant pulled down the victim's shorts and dropped to his knees. She immediately pulled the shorts up and demanded to be taken back, and the defendant did so without further incident.

In February, 1993, the victim left her mother's house and went to live with her father. In November, 1995, she reported the earlier sexual abuse by the defendant to the district at-

torney's office, but chose at that time not to press criminal charges. In 1998, when she was a senior in high school, she changed her mind and renewed her earlier accusations. In February, 1999, detectives interviewed the defendant at a police station. In response to a question whether he knew the victim, the defendant began trembling, nervously denied ever having been alone with her, and terminated the interview.

1. *Amendment of indictment.* Following a change in the victim's recollection of the year in which the defendant allegedly assaulted her in the woods, the Commonwealth sought and received leave to amend the pending indictment for assault of a child under sixteen years with intent to rape.[1] The defendant contends that the amendment, presented on the eve of trial, was designed to neutralize the defendant's argument that there were inconsistencies in the accounts of the victim and her mother regarding the timing of the victim's disclosure, and thus effected a substantive and prejudicial change of the charge in violation of his due process rights under the Fourteenth Amendment to the Constitution of the United States and art. 12 of the Declaration of Rights of the Massachusetts Constitution.

"[A] judge may allow amendment of the form of a complaint or indictment if such amendment would not prejudice the defendant or the Commonwealth." Mass.R.Crim.P. 4(d), 378 Mass. 849 (1979). The amendment must be a matter of form, not substance, meaning that a conviction on the original indictment would have barred a subsequent prosecution of the defendant on the amended indictment. See *Commonwealth* v. *Snow*, 269 Mass. 598, 606, 609-610 (1930). The time of the offense is not an element of the crime charged, see *Commonwealth* v. *King*, 387 Mass. 464, 467 (1982), and it was not necessary to be more precise in the indictment with respect to the date, see *Commonwealth* v. *Atkinson*, 15 Mass. App. Ct. 200, 203 (1983).

Nor was the defendant prejudiced by the amendment. See *Commonwealth* v. *Hobbs*, 385 Mass. 863, 870 n.8 (1982). As

---

[1]The amendment altered the time frame of November 18, 1982, through November 18, 1988, set forth in the original indictment as the period during which the event occurred, substituting an expanded period ending December 31, 1990, in order to accommodate new evidence that the assault occurred later than the victim had previously stated.

his counsel explained in the course of a pretrial conference, the defendant was fully informed of the event in the woods as alleged by the victim. "A defendant is not prejudiced by an amendment if the 'language of the indictment inform[s] the [defendant] of the charge against him.' " *Commonwealth* v. *Knight,* 437 Mass. 487, 493 (2002), quoting from *Commonwealth* v. *Murphy,* 415 Mass. 161, 165 (1993). The circumstances that were placed before the grand jury at the time of the original indictment were the same circumstances on which the defendant was convicted pursuant to the amended indictment. See *Commonwealth* v. *Gallo,* 2 Mass. App. Ct. 636, 639-640 (1974). Contrast *Commonwealth* v. *Barbosa,* 421 Mass. 547, 552 (1995). Despite his argument, the defendant made no showing that any evidence or argument otherwise available to him was eliminated by expanding the time period referred to in the indictment as originally presented. See *Commonwealth* v. *Atkinson, supra.*

2. *Motion for a required finding.* The defendant asserts that it was error to deny his motion for a required finding of not guilty with respect to the charge of assault with intent to rape because, absent the amendment to the indictment, the Commonwealth would have failed to prove its case as matter of law. The short answer to this proposition is, as indicated above, that allowance of the motion to amend the indictment was not improper. However, even without the amendment, the evidence was sufficient for conviction. The date of the crime is not an element that must be proved by the Commonwealth. See *Commonwealth* v. *King,* 387 Mass. at 467. With respect to the required elements, the jury's findings of assault (either an attempted battery or a putting in fear of an immediately threatened battery, see *Commonwealth* v. *Gorassi,* 432 Mass. 244, 247 [2000]), and of intent to rape were warranted.

The defendant argues alternatively that he was entitled to a required finding on the assault with intent to rape indictment because the lesser included offense of which he was convicted (simple assault) was barred by the applicable statute of limitations. Assault with intent to rape, see G. L. c. 265, § 24, has a limitations period of fifteen years, see G. L. c. 277, § 63, and the indictment was returned within that period. Simple as-

sault, on the other hand, has a limitations period of only six years, *ibid.*, and more than this period elapsed between the event and the indictment. Accordingly, the defendant contends that he was convicted of a charge that was legally barred.

This proposition apparently has support in other jurisdictions. See *Spaziano* v. *Florida*, 468 U.S. 447 (1984), wherein the Supreme Court assumed that, absent a waiver, a defendant could not be convicted of a time-barred lesser included offense. *Id.* at 455-457 (defendant in capital case unsuccessfully sought instruction on time-barred lesser offense while refusing to waive defense that conviction thereon would be barred by statute of limitations). A majority of State courts have concluded that a defendant cannot be convicted of a time-barred lesser offense even though the greater offense was timely charged. See Annot., Conviction of Lesser Offense, Against Which Statute of Limitations Has Run, Where Statute Has Not Run Against Offense With Which Defendant Is Charged, 47 A.L.R.2d 887 § 3 (1956 & Supp. 2003). A contrary argument can be made, specifically, that in establishing limitations periods in criminal cases, the Legislature understands that convictions of lesser-included offenses are permissible and intends that, in such circumstances, the longer limitations period shall apply. This, however, allows for the possibility that a prosecutor, faced with a time bar applicable to a given offense, will overcharge for the purpose of obtaining a form of relief from the statute of limitations that the Legislature never intended.

We do not decide the question on this record because we conclude that the defense of the statute of limitations was waived. Massachusetts treats the statute of limitations as an affirmative defense that is waived if not raised. See *Commonwealth* v. *Steinberg*, 404 Mass. 602, 606 (1989) (treating limitations defense as "an affirmative defense that in this State a criminal defendant must plead"); *Commonwealth* v. *Barrett*, 418 Mass. 788, 792 (1994) (generally, failure by defendant to assert that limitations period has expired waives that defense); *Commonwealth* v. *Purinton*, 32 Mass. App. Ct. 640, 647 (1992) (defense waived because not raised in Superior Court); Smith, Criminal Practice and Procedure § 1321 (2d ed. 1983 & Supp. 2002) ("[t]he statute of limitations may be waived and to that extent it is not jurisdictional").

Here, at the close of the Commonwealth's case and again at the close of all the evidence, the defendant moved unsuccessfully for required findings of not guilty on all indictments.[2] The defendant then requested, and received, an instruction with respect to the assault with intent to rape indictment that the jury could return a verdict of the lesser included offense of simple assault. He kept to himself his view, if it existed at the time, that his requested instruction could lead to an unlawful verdict.[3] Having received what he asked for in the form of a conviction of simple assault, he now presses for the first time his contention that the conviction is barred by the statute of limitations. We agree with the Commonwealth that the defendant's request for the lesser included offense instruction, together with his silence regarding the statute of limitations issue, constituted a waiver of the limitations defense. See *United States* v. *Williams*, 684 F.2d 296, 299-300 (4th Cir. 1982), cert. denied, 459 U.S. 1110 (1983); *United States* v. *DeTar*, 832 F.2d 1110, 1115 (9th Cir. 1987). Cf. *Commonwealth* v. *Cancel*, 394 Mass. 567, 571-572 (1985), quoting from *Cady* v. *Norton*, 14 Pick. 236, 237 (1833) (Shaw, C.J.) ("[i]t is not consistent with the purposes of justice, for a party knowing of a secret defect, to proceed and take his chance for a favorable verdict, with the power and intent to annul it, as erroneous and void, if it should be against him").

3. *Prior consistent statement.* The Commonwealth offered on "fresh complaint" principles evidence that the victim disclosed to her mother in 1989 or 1990, prior to the incident in the woods, that the defendant had abused her. This was excluded on the ground that the passage of time between the alleged abuse and the disclosure was so extended that the complaint was no longer "fresh." Thereafter, on cross-examination of the victim, testimony emerged suggesting that, in the midst of an acrimoni-

---

[2]We need not address the question whether the defendant's general motion for a required finding of not guilty, without a specific reference to the limitations defense with respect to a possible lesser-included offense conviction, adequately preserved the issue. We assume, for purposes of this decision, that it did, but that the defendant subsequently waived that defense.

[3]We recognize the possibility that the defendant, not wishing to risk going to the jury solely on the greater charge, strategically remained silent on the statute of limitations issue.

ous divorce of her parents, the victim might have fabricated the allegations against her mother's friend to hurt her mother out of loyalty to her father. On redirect examination of the victim, the Commonwealth then sought to introduce the same evidence of the victim's disclosure to her mother in 1989 or 1990, this time on the theory that the disclosure constituted a prior consistent statement admissible to rebut an accusation that later testimony was a recent contrivance. The judge admitted the testimony on this theory for the limited purpose of rehabilitating the witness, and instructed the jury that the statement was not admitted for its truth. The defendant argues that the judge's ruling had the effect of permitting the use of fresh complaint testimony without the usual safeguards.

That the statement was deemed inadmissible on a fresh complaint theory does not preclude its admission on a different ground. "[A] witness's prior consistent statement is admissible where a claim is made that the witness's in-court statement is of recent contrivance or is the product of particular inducements or bias." *Commonwealth* v. *Zukoski*, 370 Mass. 23, 26-27 (1976). The statement must have been made before the witness possessed a possible motive to fabricate, or before the inducement or bias that might have influenced the witness developed. *Commonwealth* v. *Binienda*, 20 Mass. App. Ct. 756, 759 (1985). Here, the defendant challenges admission of the statement on the ground that the victim's disclosure to her mother took place after, not before, her parents' divorce, thereby providing her with a motive to falsify the accusations in supposed support of her father. The Commonwealth counters with the argument that a motive to fabricate did not materialize at the time of the divorce, but rather when the victim left her mother's home and went to live with her father, and thus the statement at issue was made well before any reason to lie developed.

A trial judge has broad discretion in deciding whether circumstances justify the admission of a witness's prior consistent statements. See *Commonwealth* v. *Saarela*, 376 Mass. 720, 723 (1978). He "should not be reversed for admitting or excluding such testimony except where it is clearly shown that [the] ruling is outside the proper boundaries of discretion." *Commonwealth* v. *Darden*, 5 Mass. App. Ct. 522, 530 (1977).

While either view of the time at which the victim might have developed a motive to fabricate is plausible, there was evidence that her allegiance to her father came about when she left her mother and moved in with him. The judge did not abuse his discretion in concluding that there was sufficient evidence of the timing of that shift of allegiance to support admission of the prior consistent statement. His correct instruction at the time of that testimony that the statement was not to be used for its truth enhanced the likelihood that the evidence would not be misused.[4]

4. *Expert testimony.* The defendant objects to what he sees as an unfair inconsistency between admission of the Commonwealth's expert testimony on the "delayed disclosure syndrome" common among child victims of sexual abuse and exclusion of his expert's proposed testimony that children enmeshed in serious family turmoil often fabricate allegations of this nature. How to separate permissible efforts to educate the jury regarding typical symptoms of sexually abused children of which lay persons would not normally be aware, see *Commonwealth* v. *Dockham*, 405 Mass. 618, 628-630 (1989), from impermissible interference with the jury's obligation to make ultimate decisions regarding witness credibility, see *Commonwealth* v. *Ianello*, 401 Mass. 197, 201-202 (1987), continues to mystify judges and attorneys. We have recently treated the subject matter, see *Commonwealth* v. *Deloney, ante* 47, 54-59 (2003), and nothing is gained by a repetition of that analysis. In that case, we distinguished between admissible expert explanation that child victims of sexual abuse often act in ways that seem illogical, such as by delayed reporting, so that juries can factor that knowledge in to their decisions regarding the victim witnesses' credibility, and inadmissible expert efforts to encourage juries to compare specific victims to some kind of standardized "norm" of an abused child, thereby improperly influencing the jury regarding the credibility of the victims. *Id.*

In the present case, we conclude that the judge acted within his discretion in drawing the line between the Commonwealth's use of expert testimony and that sought to be admitted by the defendant. Expert testimony that abused children often delay

---

[4]Given our disposition of the issue, the defendant's challenge to the Commonwealth's "exploitation" of the statement in closing argument is moot.

reporting the abuse, a familiar and permitted proposition at least since *Dockham,* informs the jury that the victim's failure to disclose in a timely fashion does not necessarily exonerate the defendant without suggesting that the particular child witness in the case was or was not abused.[5] By contrast, the defendant's proffered expert testimony that children embroiled in family controversy often fabricate allegations of sexual abuse essentially brands the class of which the alleged victim is a member as untrustworthy, and directly encourages the jury to disbelieve the specific child witness before them. This has been explicitly condemned by the Supreme Judicial Court. See *Commonwealth* v. *Ianello, supra.* See also *Commonwealth* v. *O'Brien,* 35 Mass. App. Ct. 827, 832 n.6 (1994) ("[t]here are cases where the proffered expert testimony itself approaches so closely the credibility of the alleged victim that it is best excluded"). There was no error.

5. *Other issues.* The defendant's remaining claims of error are without merit. The prosecutor's arguments were based on the evidence and reasonable inferences therefrom. That the victim turned four years of age in November, 1984, rather than in September, 1984, is insignificant; it was the time of her attendance at the Montessori school that mattered. In addition, the prosecutor's reference to children obeying their elders was permissible given the evidence that the defendant occupied a position of trust within the family. Nor was it error for the judge to interrupt the defendant's closing argument to rule, and instruct appropriately, on the Commonwealth's objection that there was no evidence as to what a pediatrician might have said. The defendant's ability to argue his case was not unfairly affected. Finally, the judge's instruction on consciousness of

---

[5] By the time of trial, testimony of this nature had been admitted for at least ten years. Thus, there is no basis for the defendant's contention that it should have been excluded as unscientific and unreliable. Cf. *Commonwealth* v. *Frangipane,* 433 Mass. 527, 538 (2001) (hearing to consider scientific reliability of expert testimony need not be conducted where similar evidence has in the past been accepted as reliable in Massachusetts appellate decisions). Furthermore, the defendant appears to have assented to the use of expert testimony on the subject.

guilt was consistent with the law on the subject. See *Commonwealth* v. *Toney*, 385 Mass. 575, 585 (1982).

*Judgments affirmed.*