## COMMONWEALTH *vs.* DANIEL BUELTERMAN.

No. 05-P-1514.

Bristol. November 8, 2006. - May 3, 2007.

Present: PERRETTA, COWIN, & MILLS, JJ.

*Indecent Assault and Battery. Evidence,* Fresh complaint, Hearsay. *Practice, Criminal,* Hearsay, Amendment of indictment or complaint.

At the trial of a criminal complaint charging the defendant with two counts of indecent assault and battery on a child under fourteen years of age, subsequent offense, the judge correctly declined, in her instructions to the jury, to treat as fresh complaint the victim's testimony that she confided in a friend about what had happened, where there was no fresh complaint witness [830-831]; further, the victim's testimony, as well as testimony that she had related what had occurred to relatives and to a social worker, was not inadmissible hearsay and required no limiting instruction, where the victim provided no details of her conversations with any of those persons [831-833].

The judge in a criminal case did not err in amending the first count of the complaint to reduce confusion regarding the dates of the two separate incidents alleged. [833-834]

COMPLAINT received and sworn to in the New Bedford Division of the District Court Department on February 19, 2003.

The case was tried before *Bernadette L. Sabra,* J.

*Alba Doto Baccari* for the defendant.

*Craig A. Souza,* Assistant District Attorney, for the Commonwealth.

COWIN, J. The defendant, Daniel Buelterman, was convicted by a District Court jury of two counts of indecent assault and battery on a child under fourteen years of age, subsequent offense. See G. L. c. 265, § 13B. He filed a timely notice of appeal. He argues that the judge erred in her handling of, and instructions on, fresh complaint testimony; erroneously admitted the victim's hearsay testimony; and improperly amended a verdict slip. We affirm.

1. *Fresh complaint.*[1] The victim was the sole witness for the Commonwealth. During her direct examination, she testified that on two occasions, one when she was eleven years old and one when she was twelve years old, the defendant, her uncle, touched her in an inappropriate sexual manner. The prosecutor then elicited from the victim that, "a couple [of] years after" the incidents, she confided in a friend about what had happened. The defendant objected, contending that it was a "putative fresh complaint concept sitting out there without a foundation for it." He requested that the disputed portion of her testimony be struck and that the judge give a curative instruction. The judge, on the reasoning that no evidence of fresh complaint was offered and that the victim provided no substance regarding her conversation with her friend, denied both requests.

On appeal, the defendant argues that permitting the victim to recount the details of the setting in which the complaint to her friend was made (eighth grade, at the friend's house, at night during a sleep-over), violated the principle set forth in *Commonwealth* v. *Peters*, 429 Mass. 22, 30 (1999), that a "complainant in a sexual assault case may testify *only* to the fact that a fresh complaint was made and to whom it was made," and "should not be allowed to testify about the details of the complaint." As a result, his argument continues, the victim provided what was in effect self-corroboration of her testimony, thus unfairly bolstering her credibility before the jury. He contends that, to neutralize that impact, "[the judge] should [have] carefully instruct[ed] the jury on the role of fresh complaint evidence when it is admitted and again in the final charge so that the jury do not improperly consider it as substantive evidence." *Id.* at 28. Given the defendant's timely objection, we review to determine whether the failure to provide the requested jury instruction was prejudicial error. See *Commonwealth* v. *Flebotte*, 417 Mass. 348, 353 (1994).

We conclude that the victim's challenged testimony was not

---

[1]The Supreme Judicial Court has extensively revised the fresh complaint doctrine, replacing it with what has been denominated "first complaint." See *Commonwealth* v. *King*, 445 Mass. 217, 237-248 (2005), cert. denied, 546 U.S. 1216 (2006). The change applies to cases tried after the decision's rescript, *id.* at 248, and consequently is inapplicable to the present case.

fresh complaint, and that the judge correctly declined to treat it as such in her instructions. The fresh complaint doctrine permitted a complainant in a sexual assault case to "testify *only* to the fact that a fresh complaint was made and to whom it was made." *Peters*, 429 Mass. at 30. The complainant could not, however, testify regarding the details of her complaint. "[T]estimony as to the details of the complaint should be left to the fresh complaint witness who heard the complaint." *Ibid.*

Consequently, there can be no fresh complaint if there is no fresh complaint witness. "[T]he fresh complaint doctrine is not operative until fresh complaint testimony from someone other than the complainant is properly introduced." *Id.* at 31. See *Commonwealth* v. *Licata*, 412 Mass. 654, 657 (1992); *Commonwealth* v. *Montanez*, 439 Mass. 441, 445 (2003). While a complainant's testimony regarding her communications with others may be objectionable on other grounds (see section 2, *infra*), it does not properly call for a fresh complaint instruction. Indeed, such an instruction would be illogical in such circumstances. The purpose of the instruction is to emphasize that the conversation with the complainant that is related by the fresh complaint witness, including the details of the complaint, has been introduced for corroborative purposes only, and that the details contained in the complaint cannot be used substantively as evidence on which to convict. See *Commonwealth* v. *Montanez*, 439 Mass. at 445. Where, as here, there was no fresh complaint witness, and thus no details from such a witness to consider, an instruction that the nonexistent details should be received only for corroborative purposes would be meaningless and likely to engender confusion.

2. *Hearsay.* In addition to the above, the victim also testified that at various times she related what had occurred to her mother; a social worker; and the defendant's brother, her uncle John. She did not testify to any of the specifics of those conversations, although the defendant did cross-examine her regarding the conversation with her uncle (whom the defense also called to testify). The defendant did not object to the testimony. On appeal, however, he contends that the testimony, if not offered as fresh complaint, was inadmissible hearsay; or, if offered only with respect to the victim's state of mind, required a limiting instruc-

tion that the judge failed to give. In either event, his argument continues, the testimony regarding her out-of-court statements served as a form of impermissible self-corroboration, see *Peters*, 429 Mass. at 28, and the defendant was prejudiced thereby.

The Commonwealth argues that, given the absence of an objection at trial to any of this testimony, the defendant having objected only to the victim's statement that she told her friend (and then only on the ground that it was fresh complaint requiring an instruction), we are limited to a review for error causing a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Bonds*, 445 Mass. 821, 828-829 (2006). We pass the question of the appropriate standard of review because we are satisfied that there was no error.

We agree that a complainant in a sexual abuse case may not corroborate her direct testimony merely by repeating the details that she provided in out-of-court conversations with others. Such testimony, absent an applicable exception, is inadmissible hearsay. Even under the cloak of fresh complaint, the victim was not permitted to give the actual conversation that ensued between the fresh complaint witness and herself. See *Peters*, 429 Mass. at 29-31; *Commonwealth* v. *Quincy Q.*, 434 Mass. 859, 867-868 (2001); *Commonwealth* v. *Montanez*, 439 Mass. at 447.[2]

However, that kind of self-corroboration did not take place here. The victim provided no details of her conversations with any of the persons to whom she disclosed, confining herself only to the fact that such conversations had occurred. Testimony of that nature has consistently been permitted. See *Montanez*, 439 Mass. at 446; *Commonwealth* v. *Wentworth*, 53 Mass. App. Ct. 82, 92 (2001) (no error in admission of testimony that complaint about a sexual assault made where details of the assault not given).[3] Introduction of such testimony is not dependant on compliance with the fresh complaint procedure. See

---

[2]But see *Commonwealth* v. *King*, 445 Mass. at 245-246 (under "first complaint" rule, complainant may testify to the details of the first complaint).

[3]We acknowledge that permitting a complainant to testify that she told others of the assault (even without a recounting of the details) invites an inference that those conversations were consistent with her testimony regarding the assault, thus potentially having a self-corroborative effect. Indeed, the complainant is even permitted to characterize the conversations as consistent

*Montanez, supra.* Given that the evidence pertaining to the out-of-court conversations was admissible for its probative value, no limiting instruction was required, and in fact none was requested.[4]

3. *Amendment of verdict slip.* The first count of the complaint alleged that the defendant committed an indecent assault and battery upon the victim between April 15, 1999, and April 14, 2000. The second count alleged an additional indecent assault and battery occurring between April 15, 2000, and May 1, 2000. At trial, the victim testified that the first incident took place in October, 1999, during her grandmother's visit to Massachusetts, and that the second incident occurred "a year after."

At the close of all the evidence, the judge, over the defendant's objection, amended the first count of the complaint to reflect an allegation that the first incident occurred between October 1, 1999, and October 31, 1999. Her stated purposes were to ensure that the jury would understand that the two counts of the complaint referred to two separate alleged incidents, and to reduce the possibility of confusion arising from the original statement of the periods involved. The judge then fashioned the verdict slip pertaining to the first count accordingly. The defendant did not object separately to the verdict slip.

While the defendant couches his appeal in terms that suggest that there was an erroneous amendment of the verdict slip, what he in fact complains of, in accordance with his objection at trial,

---

with her in-court testimony. See *Wentworth*, 53 Mass. App. Ct. at 90 n.6, 92. Such testimony is tolerated as nonhearsay because it does not include the contents of the out-of-court statements. *Id.* at 92. See *Montanez*, 439 Mass. at 446. The relevance of the evidence that such conversations took place, however, is questionable. The justification for its admission may be the allaying of possible juror prejudice against sexual assault victims who do not complain. See *Peters*, 429 Mass. at 27. If this is in fact the purpose, it seems incongruous that we admit the testimony without requiring that the fresh complaint procedure with its accompanying safeguards be observed. The problem, if there is one, is not resolved by the altering of the fresh complaint doctrine in *King, supra*, because the testimony in question is not received as either fresh complaint or first complaint.

[4]Even were there error, and assuming the issue was preserved, we fail to see how the defendant was prejudiced. It was the defendant's strategy to paint the victim's allegations as motivated by a desire to be removed from her mother's custody. The defendant in fact called the victim's uncle John as a witness for the purpose of attempting to cast doubt on the reliability of the complaints. It was clear to the jury that the defendant viewed any reiterations of the victim's account as merely repetition of the original falsehood.

is the amendment of the first count of the complaint (which in turn generated the verdict slip submitted to the jury). He argues that the victim's inability to determine the date of the first incident with certainty directly affected the credibility of her entire account, and that narrowing the allegation regarding the dates between which the offense occurred "led the jurors to believe that she knew the date of offense of both counts to a more exact degree than that to which she actually testified."

There was no error. The victim testified plainly that the first incident occurred during the month of October, 1999, a month encompassed by the original allegation (April 15, 1999, to April 14, 2000). There was no evidence to the contrary regarding the time of the alleged offense, and amendment of the complaint did not bear in any meaningful way on any credibility determination. The particular date is not an element of the crime of indecent assault and battery. See *Commonwealth* v. *Conefrey*, 420 Mass. 508, 511 n.6 (1995). "Upon [her] own motion . . . , a judge may allow amendment of the form of a complaint or indictment if such an amendment would not prejudice the defendant or the Commonwealth." Mass.R.Crim.P. 4(d), 378 Mass. 849 (1979). She acted well within her discretion in deciding that the amendment would be helpful in distinguishing the charged offenses. The change was one of form. See *Commonwealth* v. *Bougas*, 59 Mass. App. Ct. 368, 370 (2003). See also *Commonwealth* v. *Snow*, 269 Mass. 598, 609-610 (1930) ("One test to determine whether the change made was material is whether judgment of conviction or acquittal on the [complaint] as drawn would be a bar to a new [complaint] drawn in the form in which it stood after the amendment"). The judge could reasonably conclude that no prejudice would befall the defendant.

*Judgments affirmed.*