Agnes, Peter W., J.
1.
Although styled as a criminal action, I will treat this as a civil complaint in the nature of a petition for a writ of Habeas Corpus. See G.L.c. 248, §1 et seq.
2. Background
The essential facts are not in dispute. The petitioner, Glenn Coleman (“petitioner”) was arraigned before the Central Worcester District Court on October 29, 2007 on a complaint charging him with Rape and Indecent Assault and Battery. He was held and to this day remains in custody on a bail of $7,500 cash or $75,000 with surety. Following a probable cause hearing held on January 2, 2008, probable cause was found and he was bound over to the Worcester County Grand Jury. As of this date, the Grand Juiy has not returned a true bill or indictment against the petitioner. The parties agree that following the bind-over hearing and at least up to March 12, 2008 when the case was scheduled to be presented to the Worcester County Grand Jury, the Commonwealth and the defendant, through his counsel, were engaged in negotiations that the parties believed might lead to a disposition of the case in the District Court. The negotiations were productive enough that the parties agreed to continue the case on March 12, 2008 to March 19, 2008 even though the alleged victim and the police appeared and were prepared to testify before the grand jury. On March 19, 2008, the Commonwealth was prepared to present the case to the grand jury when it learned that the alleged victim in this case was arrested in Rhode Island and held by the court on bail on charges unrelated to this case. Sometime thereafter, the alleged victim pled guilty to the new charges in Rhode Island and is serving a ninety-day sentence. Her release date is June 16, 2008. She also has a court appearance on June 17, 2008 on other criminal charges. The Commonwealth is prepared to serve the alleged victim with process and to go forward with the presentation of the case to the grand jury on or about June 17, 2008.
3. Discussion
The defendant seeks to be released from custody on grounds that his right to be indicted before the end of the second sitting of the court. G.L.c. 277, §15 provides as follows:
The grand jury shall, during its session, make daily return to the court of all cases wherein it has finally *475 determined not to present an indictment against an accused person held in custody pending its action, and such person shall thereupon forthwith be discharged by order of the court unless he is held on other process. Whoever is held in custody on a charge of crime shall be discharged if he is not indicted before the end of the second sitting of the court at which he is held to answer, unless the court finds that the witnesses for the prosecution have been enticed or kept away, or are detained and prevented from attending the court by illness or accident, and except as provided in the following section.
The parties agree that for purposes of this motion that the sittings of the Superior Court are generally for a period of one month, commencing on the first Monday of the month. With reference to the facts of this case, the first sitting of the court following the completion of the bind-over hearing was February 4, 2008. The second sitting of the Superior Court commenced on March 3 and concluded on or about March 21, 2008. The parties further agree that the Worcester County Grand Jury sits during the first three weeks of each month. The defendant’s argument is that the Legislature has seen fit to create only limited exceptions to the requirements of G.L.c. 272, §15 including situations when the Commonwealth’s witnesses “have been enticed or kept away, or are detained and prevented from attending the court by illness or accident ...” It is a general rule of statutory construction that the “statutory expression of one thing is an implied exclusion of other things omitted from the statute.” Harborview Residents’ Comm., Inc., v. Quincy Hous. Auth. 368 Mass. 425, 432 (1975). Compare Iannelle v. Fire Commissioner of Boston, 331 Mass. 250, 253 (1954) (“While this maxim is not a rule of law and is to be applied with caution, it is an aid in construction where other clearer indications are lacking”). Here, the Legislature did not provide relief from the requirements of G.L.c. 272, §15 when a witness is unable to attend because she was arrested and held on other criminal charges.
4.
Although there is no express exception established in G.L.c. 277, §15 for circumstances like those in this case, there are other principles of law that suggest that the petition should be denied. Section 15 is somewhat analogous to a statute of limitations. The general statute of limitations for crimes is set forth in G.L.c. 277, §63. In Commonwealth v. Bougas, 59 Mass.App.Ct. 368, 372, rev. den., 440 Mass. 1109 (2003), the Appeals Court observed that “Massachusetts treats the statute of limitations as an affirmative defense that is waived if not raised.” (Citations omitted.) While this case was in the District Court, both prior to and subsequent to the bind-over hearing, the defendant actively participated in negotiations with the Commonwealth that were designed to lead to a disposition of his case that would avoid the potential for a state prison sentence. In fact, the defendant acquiesced in the Commonwealth’s decision to delay the presentation of the case on March 18, 2007 when it appears the victim was present and ready to testify. In these circumstances, I conclude that the defendant has waived his right to raise G.L.c. 272, §15 as a bar to his continued detention under the previous bail order.[1] In keeping with the Legislative purpose of the statute, the defendant’s waiver is regarded as effective up to March 18, 2008. On that date, the negotiations between the Commonwealth and the defendant having failed, the defendant’s waiver ceases to bar him from asserting the safeguards of G.L.c. 272, §15. Thus, in this case, the Commonwealth must take the necessary steps to obtain an indictment of the defendant and bring him before the Superior Court for arraignment no later than June 2, 2008.
ORDER
For the above reasons, the petition for a Writ of Habeas Corpus is DENIED.

In the absence of a constitutional, common-law or statutory bar, the parties are free to frame their negotiations about a potential disposition in any way. Thus, the Commonwealth and the defendant could agree in a case like this to negotiate without any waiver of the limitations established by G.L.c. 277, §15.